■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. COSS, Appellant. [839 NYS2d 816]—Kane, J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered February 14, 2006, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

Having been indicted for murder in the second degree after he beat an elderly man to death, defendant pleaded guilty to manslaughter in the first degree. County Court subsequently sentenced him in accordance with the negotiated plea agreement to 15 years in prison. Defendant now appeals and we affirm.

Defendant's challenge to the factual sufficiency of the plea allocution is unpreserved for our review given his failure to move for withdrawal of the plea or vacatur of the judgment of conviction (*see People v Nugent,* 31 AD3d 976, 977 [2006]; *People v Feller,* 25 AD3d 881, 881 [2006], *lv denied* 6 NY3d 812 [2006]). In any event, it was not imperative for County Court to inquire as to the underlying facts as " '[a] bargained guilty plea to a lesser crime makes unnecessary a factual basis for the particu-

lar crime confessed' " (*People v Turner*, 16 AD3d 1150, 1150 [2005], *lv denied* 5 NY3d 770 [2005], quoting *People v Clairborne*, 29 NY2d 950, 951 [1972]; *see People v Nixon*, 21 NY2d 338, 350 [1967]). That stated, our review of the plea minutes confirms that defendant's guilty plea was voluntary, knowing and intelligent.

Additionally, we find no merit to defendant's claim that his sentence was harsh and excessive. In view of the brutal nature of the crime committed as well as defendant's extensive criminal history, we discern neither an abuse of discretion on the part of County Court nor the existence of any extraordinary circumstances warranting a reduction of the lawful, agreed-upon sentence in the interest of justice (*see People v Weiskopff*, 20 AD3d 776, 776 [2005]).

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.