THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY L. MILLER, Appellant. [846 NYS2d 692]—

Mugglin, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered June 27, 2005, upon a verdict convicting defendant of the crime of manslaughter in the second degree.

Following a jury trial, defendant was convicted of manslaughter in the second degree and sentenced to a prison term of 3 to 9 years. Defendant now appeals, claiming that he received ineffective assistance of counsel and the sentence imposed was harsh and excessive.

We affirm. Defendant's single claim of ineffective assistance of counsel is that his attorney's cross-examination of a police investigator witness introduced testimony regarding the results of a computerized voice stress analysis test, which results are inadmissible (*see People v Tarsia*, 50 NY2d 1, 7 [1980]). A single error by counsel can constitute ineffective assistance if the error was of such magnitude that there exists a reasonable likelihood that the outcome of the trial would have been different (*see People v Whitehead*, 23 AD3d 695, 697 [2005], *lv denied* 6 NY3d 840 [2006]; *People v Douglas*, 296 AD2d 656, 657-658 [2002], *lv denied* 99 NY2d 535 [2002]). Clearly, eliciting testimony which suggests that defendant's initial statement to the police was false is an error of significant magnitude, particularly where, as here, it is not part of any trial strategy (*compare People v Tarsia*, 50 NY2d at 2). Nevertheless, we are convinced that the record supports the conclusion that no reasonable possibility exists of a different outcome but for the error. Notably, defendant's initial statement was contradicted by his subsequent statement to the police and his trial testimony in which he admitted pushing the victim from his moving vehicle. Moreover, but for this single error, the record reveals that defendant did, in fact, receive the ef-

fective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 146 [1981]; *People v Demetsenare*, 14 AD3d 792, 793 [2005]).

We likewise reject defendant's contention that the sentence imposed was harsh and excessive. Since the sentence imposed falls within the statutorily authorized range, it may be modified only if defendant establishes a clear abuse of discretion or the existence of extraordinary circumstances (*see People v Bell*, 290 AD2d 729, 729-730 [2002]; *People v Parson*, 209 AD2d 882, 884 [1994], *lv denied* 84 NY2d 1014 [1994]). Here, defendant has failed to establish any predicate for modification of the sentence as he relies only on the paucity of his prior criminal record and his remorsefulness, factors which were clearly considered by County Court in arriving at the sentence (*see People v Coss*, 41 AD3d 1032, 1033 [2007]).

Cardona, P.J., Mercure, Crew III and Rose, JJ., concur. Ordered that the judgment is affirmed.