■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAYLOR D. LINDSEY, Appellant. [940 NYS2d 492]—

Rose, J. Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered November 16, 2010, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with attempted burglary in the second degree. He pleaded guilty as charged and waived his right to appeal. County Court thereafter sentenced defendant, as a second felony offender, to a prison term of three years, to be followed by five years of postrelease supervision. Defendant now appeals.

We affirm. We reject defendant's contention that his waiver of the right to appeal was invalid. The record reveals that, during the plea colloquy, County Court fully explained the separate and distinct right to appeal that defendant was waiving, and defendant affirmed his understanding thereof. Moreover, at the sentencing hearing, defendant presented a written waiver that acknowledged that he was advised of the right to appeal, had an opportunity to discuss the waiver with counsel and that he was waiving the right voluntarily. While the waiver was executed outside of court, defendant acknowledged his signature on the waiver before the court, and counsel stated that he had discussed the waiver with defendant. Accordingly, we conclude that defendant voluntarily, knowingly and intelligently waived his right to appeal (see People v McDuffie, 89 AD3d 1154, 1156 [2011]; People v Thomas, 81 AD3d 997, 998 [2011], lv denied 16 NY3d 900 [2011]; compare People v Bradshaw, 18 NY3d 257, 264-266 [2011]).

Peters, J.P., Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.