Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered July 24, 2009, convicting defendant upon his plea of guilty of the crimes of attempted murder in the second degree, assault in the first degree, burglary in the first degree (two counts), aggravated criminal contempt (two counts), attempted burglary in the second degree, endangering the welfare of a child (three counts), criminal mischief in the fourth degree (five counts), aggravated harassment in the second degree (three counts) and harassment in the second degree.
In December 2008, defendant was charged by indictment with, among other things, attempted murder in the second degree, assault in the first degree and two counts of burglary in the first degree, all stemming from six separate incidents in which it was alleged that defendant, over a period time, had assaulted and harassed the victim. Ultimately, defendant was alleged to have forced his way into the victim’s home, where he stabbed her in the back and abdomen with a sharp object.[1] After defendant was arrested, he made numerous statements to the police admitting his prior contact with the victim and his forcible entry into her *1443 home where he attacked her with a piece of glass.[2] Defendant moved to suppress these statements but, after a hearing, defendant’s motion was denied. Thereafter, defendant pleaded guilty to the entire indictment, waived his right to appeal and was sentenced to an aggregate term of 14 years in prison, plus five years of postrelease supervision.[3] Defendant now appeals.
Initially, defendant claims that the waiver of his right to appeal was unenforceable because he received no consideration in return for executing it and because it required that he give up rights that could not be legally waived. We note that defendant, in addition to executing a written waiver of appeal, confirmed in open court with counsel present that he fully understood he was waiving his right to appeal and stated that “from this point forward, I fully accept the conditions set forth by the court on this case and I have no right to appeal any decision that the judge makes.” In addition, defendant acknowledged in his written waiver that he understood that his right to appeal was separate and distinct from his guilty plea and that he could not appeal, among other things, rulings made on his motion to suppress or the sentence that would be imposed as a result of his guilty plea. It does not follow that because defendant agreed to waive other rights, his appeal waiver was unenforceable or was not knowingly, intelligently and voluntarily entered. Also, County Court agreed, in return for his guilty plea to the entire indictment, that defendant’s sentence would be between a range of 12 to 15 years (compare People v Coles, 13 AD3d 665-666 [2004]). Given this record, we conclude that defendant knowingly and intelligently waived his right to appeal and that the waiver was fully enforceable (see People v Bradshaw, 18 NY3d 257, 264-266 [2011]; People v Lindsey, 93 AD3d 1040 [2012]). As for County Court’s statement during the plea allocution that defendant could “always appeal if [the court] lied to you or tried to mislead you,” in our view, this did not have any impact on the integrity of defendant’s guilty plea or his wavier of the right to appeal.
Defendant’s valid waiver of his right to appeal precludes him from challenging the decisions made on his motion to suppress (see People v Spruill, 90 AD3d 1242, 1243 [2011]; People v Ballard, 88 AD3d 1025, 1026 [2011]), as well as his claim that his sentence was harsh and excessive (see People v Cano, 93 AD3d 994 [2012]; People v Vasavada, 93 AD3d 893, 894 [2012]). In ad *1444 dition, defendant may not challenge the voluntariness of his guilty plea because there is no evidence on this record that he has moved to withdraw that plea or vacate the judgment of conviction (see People v Sherman, 91 AD3d 982, 983 [2012]; People v Martinez-Velazquez, 89 AD3d 1318, 1319 [2011]), and the narrow exception to the preservation requirement is not implicated here (see People v Richardson, 83 AD3d 1290, 1291 [2011], lv denied 17 NY3d 821 [2011]). In any event, were we to reach the issue we would find that defendant knowingly and voluntarily entered his guilty plea and was fully aware of the commitments that County Court had made regarding his sentence.
Rose, J.R, Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

. At the time of this attack, orders of protection had been issued requiring defendant to stay away from the victim and her children.

. At the victim’s home, the police recovered various items left by defendant, including a can of gasoline and matches.

. Defendant was also directed to make restitution and orders of protection were issued requiring that he stay away from the victim and her children.