Stein, J.
*1244 Initially, defendant’s challenge to the voluntariness and facial sufficiency of his plea is not preserved for our review, as the record before us fails to indicate that he moved to withdraw his plea or vacate the judgment of conviction (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Teele, 92 AD3d 972, 972 [2012]). The narrow exception to the preservation requirement does not apply here, as County Court did not “acceptf ] a plea without further inquiry after the allocution clearly cast[ ] significant doubt upon the defendant’s guilt or otherwise callfed] into question the voluntariness of the plea” (People v Washington, 262 AD2d 868, 869 [1999], lv denied 93 NY2d 1029 [1999]; see People v Lopez, 71 NY2d at 666). Defendant never claimed to be wholly innocent of the charges against him, but did state during the plea colloquy that he had not engaged in the requisite two acts of sexual conduct with the victim (see Penal Law § 130.75 [1]). County Court fulfilled its obligation to inquire further, however, ensuring that defendant had fully consulted with defense counsel and understood the question being posed, then eliciting his admission that he had engaged in two such acts (see People v Edwards, 55 AD3d 1337, 1338 [2008], lv denied 11 NY3d 924 [2009]; People v Tavares, 282 AD2d 880, 881 [2001], lv denied 96 NY2d 868 [2001]; People v Washington, 262 AD2d at 869-870).
Inasmuch as defendant also confirmed during the plea colloquy that he understood his appeal rights and wished to waive them, then executed a detailed written appeal waiver, we further conclude that he validly waived his right to appeal from the conviction and sentence (see People v Lewis, 95 AD3d 1442, 1443 [2012], lv denied 19 NY3d 998 [2012]). Contrary to defendant’s claim, his assertion that the sentence imposed was harsh and excessive is precluded by that waiver (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Lewis, 95 AD3d at 1443).
Mercure, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed.