Stein, J.
Appeal from a judgment of the Supreme Court (Lamont, J.), rendered May 27, 2011 in Albany County, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.
Defendant pleaded guilty to the reduced charge of manslaughter in the first degree and was sentenced in accordance with the plea agreement to a prison term of 24 years followed by five years of postrelease supervision, to be served consecutively to the sentence he was already serving. Defendant now appeals.
We affirm. We are unpersuaded by defendant’s contention *1332 that his waiver of the right to appeal is unenforceable. Although the appeal waiver was not mentioned when the terms of the plea agreement were initially placed on the record, during the plea colloquy, and prior to defendant pleading guilty, defendant was informed that a waiver of the right to appeal was part of the plea bargain. The record demonstrates that Supreme Court explained the nature of the waiver and the distinct rights being forfeited thereby. Furthermore, defendant acknowledged, and defense counsel affirmed, that defense counsel reviewed the written waiver with defendant. After conferring with his counsel, defendant orally waived his right to appeal and executed a written waiver in open court. In view of the foregoing, we are satisfied that defendant knowingly, voluntarily and intelligently waived his right to appeal his conviction and sentence (see People v Foote, 102 AD3d 1056, 1057 [2013], lv denied 20 NY3d 1098 [2013]; see also People v Lopez, 6 NY3d 248, 256 [2006]). Given such valid waiver, defendant’s challenges to the sentence imposed, including those in his pro se submission, are foreclosed (see People v Estrada, 102 AD3d 1064, 1065 [2013]).
Peters, EJ., Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.