Spain, J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered June 1, 2011, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the fourth degree.
Pursuant to a negotiated plea agreement, defendant waived indictment and pleaded guilty to a superior court information charging her with criminal sale of a controlled substance in the fourth degree. The terms of the plea agreement further provided that if defendant successfully completed a six-month period of interim probation, she would be permitted to withdraw her *1335 guilty plea and enter a plea of guilty to criminal sale of a controlled substance in the fifth degree and be sentenced to five years of probation. However, if defendant failed to successfully complete the period of interim probation, she was advised that she would be subject to a prison sentence of up to 5V2 years followed by two years of postrelease supervision. Defendant also waived her right to appeal as a part of the plea agreement. After defendant was found to be in violation of the terms of the plea agreement based upon her admitted failure to comply with the terms of her interim probation, County Court imposed a prison sentence of five years to be followed by two years of post-release supervision. Defendant now appeals.
Contrary to defendant’s contention, we find that she made a valid waiver of the right to appeal. County Court distinguished the right to appeal from the rights automatically forfeited upon defendant’s guilty plea and defendant signed a written appeal waiver in open court acknowledging that counsel discussed the waiver with her and that she was waiving the right knowingly, voluntarily and intelligently (see People v Martinez-Velazquez, 89 AD3d 1318, 1319 [2011]; People v Wicks, 83 AD3d 1223, 1224 [2011], lv denied 17 NY3d 810 [2011]). To the extent that defendant argues that her guilty plea was involuntary, the record contains no indication that defendant preserved this argument by a motion to withdraw her plea or vacate the judgment of conviction and there is nothing in the record that would trigger the narrow exception to the preservation requirement (see People v Secore, 102 AD3d 1059, 1060 [2013]; People v Wicks, 83 AD3d at 1224). Finally, in light of defendant’s valid waiver of the right to appeal, her complaints regarding counsel’s representation are precluded, except to the extent that they implicate the voluntariness of her plea and, to that extent, they are unpreserved and meritless (see People v Walker, 84 AD3d 1643, 1643-1644 [2011]; People v Belle, 74 AD3d 1477, 1480 [2010], lv denied 15 NY3d 918 [2010]). Her assertion that the sentence was harsh and excessive is foreclosed by her valid appeal waiver (see People v Lopez, 6 NY3d 248, 256 [2006]).
Rose, J.E, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.