■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAMELA L. MARSHALL, Appellant. [968 NYS2d 409]—

Peters, P.J. Appeals (1) from a judgment of the County Court of Clinton County (Ryan, J.), rendered January 9, 2012, convicting defendant upon her plea of guilty of the crime of grand larceny in the fourth degree, and (2) from a judgment of said court, rendered January 9, 2012, convicting defendant upon her plea of guilty of the crime of robbery in the second degree.

Pursuant to a negotiated plea agreement, defendant waived indictment and pleaded guilty to two superior court informations, one charging her with grand larceny in the fourth degree and the other charging her with robbery in the second degree. In accordance with the plea agreement, defendant was thereafter sentenced to consecutive prison terms of $1^1/2$ to 3 years and $6^1/2$ years, respectively. Defendant now appeals both judgments of conviction.

We find that defendant made a valid waiver of her right to appeal. County Court distinguished the waiver of the right to appeal from the rights automatically forfeited upon entry of a guilty plea. Defendant indicated that she understood that she was agreeing to waive this right as a part of the negotiated plea agreement and she executed a written waiver (*see People v Baliraj*, 101 AD3d 1175, 1176 [2012], *lv denied* 21 NY3d 941 [2013]; *People v Jackson*, 48 AD3d 885, 885 [2008], *lv denied* 10 NY3d 960 [2008]). Defendant's sole remaining contention on this appeal, that the sentences imposed were harsh and excessive, is foreclosed by her valid waiver of the right to appeal her conviction and sentence (*see People v Joyce*, 91 AD3d 986, 987 [2012], *lv denied* 19 NY3d 864 [2012]; *People v Thomas*, 71 AD3d 1231, 1233 [2010], *lv denied* 14 NY3d 893 [2010]).

Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the judgments are affirmed.