■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONDELL NEWTON, Also Known as LIGHT, Appellant. [979 NYS2d 545]—

Egan Jr., J.

We affirm. The record reflects that County Court distinguished the right to appeal from the rights forfeited by the

guilty plea and explained the nature of the right and the consequences of the waiver. Additionally, defendant signed a written appeal waiver in open court acknowledging that counsel had discussed the waiver with him and that he understood its ramifications. Accordingly, defendant validly waived the right to appeal his conviction and sentence (*see People v Johnson*, 106 AD3d 1331, 1332 [2013], *lv denied* 21 NY3d 1016 [2013]; *People v Lopez*, 97 AD3d 853, 853 [2012], *lv denied* 19 NY3d 1027 [2012]).

Defendant's claim that his plea was not knowing, intelligent and voluntary is not preserved for our review absent evidence that defendant moved to withdraw his plea or vacate the judgment of conviction, and the narrow exception to the preservation requirement is not applicable, as defendant made no statements during the plea allocution that cast doubt upon his guilt or negated an essential element of the crime (*see People v Williams*, 101 AD3d 1174, 1174 [2012]; *People v DeJesus*, 96 AD3d 1295, 1295 [2012]). Defendant's assertion that he was denied the effective assistance of counsel also is unpreserved for our review in the absence of an appropriate postallocution motion (*see People v Gruber*, 108 AD3d 877, 878 [2013], *lv denied* 22 NY3d 956 [2013]; *People v McGowan*, 98 AD3d 1192, 1192 [2012]), and reversal in the interest of justice is unwarranted (*see People v Gantt*, 84 AD3d 1642, 1643 [2011], *lv denied* 18 NY3d 858 [2011]). Finally, defendant's valid appeal waiver precludes review of his contention that the sentence was harsh and excessive (*see People v Ball*, 108 AD3d 871, 871-872 [2013]; *People v Musser*, 106 AD3d 1334, 1335 [2013], *lv denied* 22 NY3d 997 [2013]).

Peters, P.J., Stein and Rose, JJ., concur. Ordered that the judgment is affirmed.