■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL DYCKMAN, Appellant. [979 NYS2d 872]—

McCarthy, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered September 15, 2011, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

Defendant waived indictment and pleaded guilty to a superior court information charging him with robbery in the first degree with the understanding that he would be sentenced to a prison term of 12 years, to be followed by five years of postrelease supervision. In connection with the plea agreement, defendant also waived his right to appeal. County Court sentenced defendant, as a second felony offender, to a prison term of 12 years followed by five years postrelease supervision and this appeal ensued.

County Court distinguished the waiver of the right to appeal from the rights automatically forfeited by defendant upon his plea of guilty as well as his waiver of indictment. Furthermore, defendant acknowledged his understanding of the right to appeal and executed a detailed written waiver in open court. Accordingly, defendant's waiver of the right to appeal was knowing, voluntary and intelligent (*see People v Marshall*, 108 AD3d 884, 884 [2013], *lv denied* 22 NY3d 957 [2013]; *People v Musser*, 106 AD3d 1334, 1335 [2013], *lv denied* 22 NY3d 997 [2013]; *People v Joyce*, 91 AD3d 986, 986-987 [2012], *lv denied* 19 NY3d 864 [2012]). Defendant's valid waiver of appeal precludes his argument that County Court's imposition of the agreed-upon sentence was unduly harsh and excessive (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Musser*, 106 AD3d at 1335; *People v Martin*, 105 AD3d 1266, 1267 [2013]).

Lahtinen, J.P., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.