Garry, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered August 29, 2012 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
Defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree and waived his right to appeal. Pursuant to the plea agreement, he was sentenced as a second felony offender to a 5V2-year prison term followed by two years of postrelease supervision. Defendant appeals, and we affirm.
Following entry of his plea and during the course of his presentencing interview, defendant made remarks to the probation officer denying that he had been aware of possessing the drugs underlying his conviction. Thereafter, at sentencing, Supreme Court specifically questioned defendant regarding these statements, asking repeatedly whether he wished to either make any statement to the court or withdraw his guilty plea, and he consistently answered “no.” As there is no indication in the record that defendant moved at any time thereafter to withdraw his plea or to vacate the judgment of conviction, his claim that the court erred in proceeding to sentence defendant in accord with his plea agreement is not preserved for our review (see People v Colon, 106 AD3d 1367, 1368 [2013]). Nor does the record reveal that the narrow exception to the preservation rule is applicable (see People v Ferro, 101 AD3d 1243, 1244 [2012], lv denied 20 NY3d 1098 [2013]).
Supreme Court took the necessary precautionary steps throughout the course of the proceedings to ensure that defendant’s guilty plea was knowing and voluntary. The court
*1067 thoroughly explained the rights that defendant was forfeiting and the consequences of the plea, making a series of pertinent inquiries. The record thus fully demonstrates that defendant, who was represented by counsel, voluntarily entered the plea with knowledge and understanding (see People v Youngblood, 107 AD3d 1159, 1160 [2013], lv denied 21 NY3d 1078 [2013]; People v Ramires, 264 AD2d 948, 949 [1999], lv denied 94 NY2d 906 [2000]).
Supreme Court further advised defendant as to the effect of the waiver of appeal and inquired as to whether he had questions with respect to that separate issue for either his counsel or the court. Defendant thereafter waived his right to appeal his conviction and sentence both orally on the record and by a written waiver executed before the court. We find this record adequate to demonstrate his voluntary and knowledgeable waiver (see People v Johnson, 106 AD3d 1331, 1332 [2013], lv denied 21 NY3d 1016 [2013]; People v Foote, 102 AD3d 1056, 1057 [2013], lv denied 20 NY3d 1098 [2013]; People v Lopez, 97 AD3d 853, 853 [2012], lv denied 19 NY3d 1027 [2012]). As Supreme Court advised, defendant’s valid waiver of appeal forecloses the evidentiary challenges he now seeks to raise (see People v Stone, 105 AD3d 1094, 1094 [2013]; People v Frierson, 21 AD3d 1211, 1212 [2005], lv denied 6 NY3d 753 [2005]).
Peters, PJ., Stein and McCarthy, JJ., concur.
Ordered that the judgment is affirmed.