■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN S. MUNGER, Appellant. [987 NYS2d 118]—Peters, P.J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered August 20, 2012, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant waived indictment and pleaded guilty to a superior court information charging him with attempted criminal sale of a controlled substance in the third degree. In accordance with the plea agreement, defendant was sentenced as a second felony offender to a prison term of 2½ years followed by three years of postrelease supervision, with a recommendation for participation in a shock incarceration program. Defendant now appeals.

We affirm. Contrary to defendant's contention, both the written waiver and the plea colloquy informed him that his right to appeal was " 'separate and distinct' " from those rights automatically forfeited upon pleading guilty and, therefore, we conclude that he knowingly, intelligently and voluntarily waived his right to appeal his conviction and sentence (*People v Baliraj*, 101 AD3d 1175, 1176 [2012], *lv denied* 21 NY3d 941 [2013], quoting *People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Martin*, 105 AD3d 1266, 1267 [2013]). Given that his right to appeal was validly waived, we are precluded from reviewing his contention that the sentence imposed was harsh and excessive (*see People v Newton*, 113 AD3d 1000, 1001 [2014]; *People v Fling*, 112 AD3d 1001, 1002 [2013]).

Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.