■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN LISZKA JR., Appellant. [986 NYS2d 363]—

Peters, P.J. Appeal from a judgment of the County Court of Schuyler County (Morris, J.), rendered October 4, 2012, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

After waiving indictment, defendant pleaded guilty to burglary in the second degree in satisfaction of a two-count superior court information in exchange for a negotiated prison sentence of nine years, followed by three years of postrelease supervision. As part of the plea agreement, defendant also waived his right to appeal his conviction and sentence. County Court thereafter sentenced him to the agreed-upon term and defendant now appeals, contending, among other things, that his sentence was harsh and excessive.

We affirm. Initially, we reject defendant's contention that the waiver of his right to appeal was not valid. The record demonstrates that, during both the plea hearing and at sentencing, County Court explained the nature of defendant's right to appeal, discussed the ramifications of waiving it and sufficiently distinguished the right to appeal from the rights forfeited by the guilty plea itself. Moreover, defendant signed a written appeal waiver acknowledging that he had discussed the waiver with counsel and that he understood its impact. Under the circumstances, we find that defendant validly waived his right to appeal (*see People v Newton*, 113 AD3d 1000, 1001 [2014]; *People v Marshall*, 108 AD3d 884, 884 [2013], *lv denied* 22 NY3d 957 [2013]). Accordingly, his valid appeal waiver precludes review of his contention that the sentence imposed was harsh and excessive (*see People v Newton*, 113 AD3d at 1001; *People v Wiley*, 112 AD3d 998, 998 [2013]).

Lahtinen, Garry and Rose, JJ., concur. Ordered that the judgment is affirmed.