Peters, RJ.
Appeal from a judgment of the Supreme Court (Pulver Jr., J.), rendered March 12, 2013 in Rensselaer County, convicting defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the second degree.
*981 Defendant pleaded guilty to criminal possession of a forged instrument in the second degree and waived his right to appeal. In exchange, the People agreed to recommend a sentence of six months in jail and five years of probation. Supreme Court advised defendant during the plea colloquy of the maximum term of imprisonment he could receive, but made no promises concerning sentencing.* Although the People, as well as the Probation Department, ultimately recommended a more lenient sentence, Supreme Court nonetheless sentenced defendant in accordance with the plea agreement to six months in jail followed by five years of probation. Defendant now appeals, claiming that the sentence imposed was harsh and excessive.
“By pleading guilty and waiving the right to appeal, a defendant has forgone review of the terms of the plea, including harshness or excessiveness of the sentence” (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Morrison, 106 AD3d 1201, 1202 [2013]; People v Romano, 45 AD3d 910, 912 [2007], lv denied 10 NY3d 770 [2008]). During the plea colloquy, Supreme Court distinguished the right to appeal from the rights automatically forfeited upon entry of a guilty plea, and defendant confirmed his understanding of the nature of that right and the consequences of the waiver. Further, defendant signed a written waiver in open court that acknowledged that he had discussed the waiver with counsel and that he was knowingly, voluntarily and intelligently waiving his right to appeal his conviction and sentence. Under these circumstances, we conclude that defendant validly waived his right to appeal (see People v Waldron, 115 AD3d 1116, 1116-1117 [2014], lv denied 23 NY3d 969 [2014]; People v Newton, 113 AD3d 1000, 1001 [2014]; People v Marshall, 108 AD3d 884, 884 [2013], lv denied 22 NY3d 957 [2013]). Accordingly, he is precluded from challenging the sentence imposed as harsh and excessive (see People v Lopez, 6 NY3d at 255-256; People v Munger, 117 AD3d 1343, 1343 [2014]; People v Waldron, 115 AD3d at 1117).
Stein, Rose, Egan Jr. and Clark, JJ, concur.
Ordered that the judgment is affirmed, and matter remitted to the Supreme Court for further proceedings pursuant to CPL 460.50 (5).

 Approximately two weeks prior to the plea, defendant entered into a cooperation agreement with the People whereby he agreed to cooperate with the investigations and prosecutions of any cases arising out of the event that gave rise to his criminal charge. Notably, at no point during the plea proceeding was the cooperation agreement ever mentioned or referenced and, despite defendant’s protestations to the contrary, nowhere in this record does it indicate that Supreme Court promised or committed to consider the extent of defendant’s cooperation in determining his sentence.