### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: November 13, 2014        106494

_____

THE PEOPLE OF THE STATE OF
   NEW YORK,

               Respondent,

     v                                   MEMORANDUM AND ORDER

DANA B. HOUGHTLING,

               Appellant.

_____


Calendar Date: October 16, 2014

Before: Lahtinen, J.P., Garry, Egan Jr., Lynch and Devine, JJ.

_____


     Easton Thompson Kasperek Shiffrin, LLP, Rochester (Brian Shiffrin of counsel), for appellant.

     Gwen Wilkinson, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.

_____


Garry, J.

     Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered April 5, 2013, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

     Defendant was charged in an indictment with numerous crimes, including manslaughter in the first degree, after he repeatedly stabbed his estranged wife's boyfriend (hereinafter the victim) and caused his death. In satisfaction of the indictment, he pleaded guilty to manslaughter in the first degree and waived his right to appeal, both orally and in writing. No specific sentence was agreed to as part of the plea and defendant was advised that he could be sentenced to anywhere from 5 to 25

years in prison, to be followed by up to five years of postrelease supervision.  Thereafter, defendant was sentenced to 15 years in prison, to be followed by five years of postrelease supervision.  He now appeals.

Defendant's sole contention is that the sentence is harsh and excessive.  Although such a claim is precluded by a valid waiver of the right to appeal (see People v Liszka, 118 AD3d 1038 [2014]; Matter of Munger, 117 AD3d 1343 [2014], lv denied 23 NY3d 1040 [2014]), we find that here defendant's waiver is invalid.  In the course of the proceedings, defense counsel acknowledged that he did not know if his client could legally waive his right to appeal the sentence, and was unable to advise him on this issue.  Thus, defendant was not fully informed of the consequences of the waiver (compare People v Lindsay, 93 AD3d 1040 [2012], lv denied 19 NY3d 998 [2012]; People v Ramirez, 42 AD3d 671, 671-672 [2007]).  Accordingly, we address the merits of defendant's claim.

The circumstances of the crime are particularly heinous and disturbing.  On the day of the incident, defendant's estranged wife and the victim arrived unexpectedly at defendant's home to retrieve the young daughter of defendant and the wife.  A heated verbal exchange ensued that escalated into a brief physical confrontation between defendant and the victim.  Defendant's wife and the victim left defendant's residence with the child to go to an acquaintance's home, and defendant followed them.  He drove his vehicle across the lawn of the home and struck a vehicle parked in the driveway with such force that it rolled over against the home.  Defendant then exited the vehicle with a knife in each hand, and a foot chase ensued during which defendant stabbed the victim a number of times.  The victim ran to the passenger side of the wife's vehicle and locked the door while the wife was preparing to drive away.  Defendant, however, smashed the passenger side window and continued to stab the victim.  The wife attempted to stop defendant and he eventually fled the scene.  The victim, however, subsequently died from his injuries.  Notwithstanding defendant's expression of remorse and lack of criminal record, his rage and relentless pursuit of the victim, culminating in this brutal assault that took place in front of a home with five children inside and resulted in the

victim's death, persuades us that there are no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence in the interest of justice (see e.g. People v Jarvis, 115 AD3d 1121 [2014], lv denied 23 NY3d 1038 [2014]; People v Coss, 41 AD3d 1032, 1033 [2007], lv denied 9 NY3d 922 [2007]).

Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court