*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 20, 2014                    105648
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,
        v                                    MEMORANDUM AND ORDER

BERNARD EASTER,
                    Appellant.
_____

Calendar Date:  October 14, 2014

Before:  Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ.

                    _____

        James P. Milstein, Public Defender, Albany (Theresa M. Suozzi of counsel), for appellant.

        P. David Soares, District Attorney (Steven Sharp of counsel), for respondent.

                    _____

Rose, J.

        Appeal from a judgment of the Supreme Court (Breslin, J.), rendered December 12, 2012 in Albany County, convicting defendant upon his plea of guilty of the crime of course of sexual conduct against a child in the first degree.

        Defendant pleaded guilty to the class B felony of course of sexual conduct against a child in the first degree in satisfaction of a multicount indictment charging him with sex crimes against three victims, each under the age of 13.  Pursuant to the plea agreement, defendant waived his right to appeal and Supreme Court agreed to impose a prison sentence of 11 years followed by 10 years of postrelease supervision.  The court then sentenced him to the agreed-upon term and he now appeals.

Defendant's challenge to the voluntariness of his plea is not preserved for our review because the record does not reflect that he moved to withdraw the plea (see People v Watson, 110 AD3d 1110, 1110 [2013], lvs denied 22 NY3d 1157, 1160 [2014]; People v Musser, 106 AD3d 1334, 1335 [2013], lv denied 22 NY3d 997 [2013]; People v Williams, 101 AD3d 1174, 1174 [2012]).  Even assuming that defendant's comment — made as he was about to be sworn in prior to entering the plea — that "I can't do this" triggers the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]), the record reflects that defendant thereafter consulted with counsel, Supreme Court thoroughly inquired as to whether he was being coerced and, based on his unequivocal answers, was satisfied that he was freely and voluntarily entering the plea (see People v Howard, 119 AD3d 1090, 1090 [2014], lv denied 24 NY3d 961 [2014]; People v Goodell, 104 AD3d 1026, 1026-1027 [2013], lv denied 22 NY3d 1138 [2014]).

To the extent that defendant challenges the waiver of appeal, we find it valid.  Supreme Court advised him of the rights he was forfeiting, clearly distinguished those rights from the rights given up as part of his plea and defendant signed a written waiver in open court acknowledging that he had consulted with counsel (see People v Musser, 106 AD3d at 1335; People v Benson, 100 AD3d 1108, 1108 [2012]; People v Moreno, 86 AD3d 863, 864 [2011], lv denied 17 NY3d 954 [2011]).  Inasmuch as the appeal waiver is valid, it precludes defendant's challenge to Supreme Court's denial of his suppression motion, as well as his claim that his sentence was harsh and excessive (see People v Watson, 110 AD3d at 1111; People v Musser, 106 AD3d at 1335; People v Moreno, 86 AD3d at 864).  Defendant's remaining arguments have been considered and found to be unavailing.

Peters, P.J., Stein, Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court