*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 16, 2015                    106325
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

         v                                    MEMORANDUM AND ORDER

BRANDON BURRITT,
                    Appellant.
_____

Calendar Date:   February 11, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                        _____


        Danielle Neroni Reilly, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Brittany L.
Grome of counsel), for respondent.

                        _____


Devine, J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered November 25, 2013 in Albany County, convicting defendant
upon his plea of guilty of the crime of manslaughter in the first
degree.

        Defendant was charged in an indictment with murder in the
second degree stemming from an incident in which he allegedly
stabbed his roommate to death during an altercation that occurred
in their apartment.  After initially rejecting the People's plea
offer, defendant subsequently agreed to plead guilty to a reduced
charge of manslaughter in the first degree and waived his right
to appeal.  Supreme Court sentenced defendant to the agreed-upon
term of 18 years in prison followed by five years of postrelease
supervision.  Defendant appeals.

We affirm.  Defendant claims that his guilty plea is invalid because Supreme Court failed to sufficiently inquire about the possibility that his usage of pain medications may have impacted his ability to comprehend the plea proceedings or apprise him that he was waiving possible defenses to the charge against him.  Although defendant's assertion that his plea was not knowing, voluntary or intelligent is not precluded by his waiver of appeal (see People v Guyette, 121 AD3d 1430, 1431 [2014]; People v Osgood, 111 AD3d 1029, 1030 [2013], lv denied 22 NY3d 1089 [2014]), such challenge was not preserved for our review as defendant failed to move to withdraw his guilty plea (see People v Velazquez, 125 AD3d 1063, 1064 [2015]; People v Johnson, 115 AD3d 1066, 1066 [2014]).  "Nor did [defendant] make any statements during the plea colloquy that negated an essential element of the crime or cast doubt upon [his] guilt so as to invoke the exception to the preservation requirement" (People v Vandemark, 117 AD3d 1339, 1340 [2014], lv denied 24 NY3d 965 [2014] [citation omitted]; see People v Griffin, 117 AD3d 1339, 1339 [2014]; People v Ferro, 101 AD3d 1243, 1244 [2012], lv denied 20 NY3d 1098 [2013]).

Defendant further asserts that Supreme Court erred in denying his request for a Dunaway hearing, an assertion that is precluded by the waiver of the right to appeal (see People v Easter, 122 AD3d 1073, 1074 [2014], lv denied 24 NY3d 1219 [2015]; People v Anderson, 63 AD3d 1191, 1193 [2009], lv denied 13 NY3d 794 [2009]).  Despite defendant's claim to the contrary, inasmuch as Supreme Court fully distinguished the waiver of the right to appeal from those rights that defendant would relinquish as part of the plea deal and defendant executed a written waiver of appeal before the court, the waiver of appeal is valid (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Musser, 106 AD3d 1334, 1335 [2013], lv denied 22 NY3d 997 [2013]).  Finally, the valid waiver of appeal forecloses defendant's claim that the agreed-upon prison sentence is harsh and excessive (see People v Dozier, 115 AD3d 1001, 1002 [2014], lvs denied 24 NY3d 1082, 1083 [2014]; People v Dyckman, 114 AD3d 994, 995 [2014], lv denied 23 NY3d 1036 [2014]).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court