*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 8, 2016                    107537
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

ISIAH GILBERT, Also Known as
    PRETTY,
                        Appellant.
_____

Calendar Date:  October 17, 2016

Before:  Egan Jr., J.P., Rose, Clark, Mulvey and Aarons, JJ.

                        _____


        G. Scott Walling, Schenectady, for appellant.

        P. David Soares, District Attorney, Albany (Brittany L.
Grome of counsel), for respondent.

                        _____


Rose, J.

        Appeal from a judgment of the Supreme Court (McDonough,
J.), rendered March 27, 2015 in Albany County, convicting
defendant upon his plea of guilty of the crime of attempted
criminal sale of a controlled substance in the third degree.

        Pursuant to a negotiated plea agreement, defendant pleaded
guilty to attempted criminal sale of a controlled substance in
the third degree and waived his right to appeal.  The plea
agreement included a commitment from Supreme Court that it would
not impose a sentence of more than five years in prison and three
years of postrelease supervision.  However, when defendant failed
to appear at sentencing and violated other conditions of the plea
agreement, the court imposed an enhanced sentence of 6½ years in

prison followed by three years of postrelease supervision. Defendant appeals.

Defendant first contends that his plea was not knowingly, voluntarily and intelligently entered because, at the time he accepted the plea bargain, he was unaware that Supreme Court would require him to waive his right to appeal. Defendant's contention is misplaced, however, as it does not impact the voluntariness of his plea but, instead, implicates only the validity of the appeal waiver itself. In this regard, the record reflects that, "[a]lthough the appeal waiver was not mentioned when the terms of the plea agreement were initially placed on the record," defendant was informed during the plea colloquy, and prior to pleading guilty, that a waiver of the right to appeal was part of the plea bargain (People v Johnson, 106 AD3d 1331, 1332 [2013], lvs denied 21 NY3d 1016, 1019 [2013]). The record further reflects that Supreme Court sufficiently explained the distinct rights forfeited by the waiver, defendant conferred with his counsel concerning the waiver, orally waived his right to appeal and executed a written waiver in open court (see People v Samuel, 143 AD3d 1012, 1012 [2016]; compare People v Middleton, 72 AD3d 1336, 1337 [2010]). In light of this, we find that defendant's appeal waiver is valid.

Defendant next contends that Supreme Court erred in imposing an enhanced sentence because the record does not reflect that he was advised of the conditions that, if violated, would subject him to an enhanced sentence.[1] While defendant's valid appeal waiver does not preclude defendant from raising this contention, it is, nonetheless, unpreserved for our review (see People v Rushlow, 137 AD3d 1482, 1483 [2016]; People v Tole, 119 AD3d 982, 984 [2014]). Were we to consider it in any event, a review of the plea minutes establishes that Supreme Court adequately set forth the conditions that would result in both the plea agreement being "broken" and an enhanced sentence. During sentencing, defendant expressly acknowledged that, at the time of the plea, he was aware of three conditions — specifically, that

---

[1] We reject defendant's contention that this argument also implicates the voluntariness of his plea.

he would cooperate with law enforcement by assisting them with investigations, cooperate with the Probation Department and appear at the originally scheduled sentencing date — and that he did, in fact, violate those conditions. Accordingly, were this issue before us, we would find it to be without merit (see People v Thomas, 81 AD3d 997, 997 [2011], lv denied 16 NY3d 900 [2011]; compare People v Tole, 119 AD3d at 984). "Finally, defendant's challenge to his enhanced sentence as harsh and excessive is precluded by his valid waiver of the right to appeal inasmuch as [Supreme] Court advised him of the consequences of violating the conditions of his plea" (People v Lester, 141 AD3d 951, 954 [2016] [internal quotation marks and citations omitted]).

Defendant's remaining contentions are unpreserved for our review.

Egan Jr., J.P., Clark, Mulvey and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court