People v Kamp (2018 NY Slip Op 03571)





People v Kamp


2018 NY Slip Op 03571


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

108955

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DAVID L. KAMP, Appellant.

Calendar Date: March 26, 2018

Before: McCarthy, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Halscott Megaro, PA, Orlando, Florida (Patrick Michael Megaro of counsel), for appellant.
John M. Muehl, District Attorney, Cooperstown (Michael F. Getman of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal, by permission, from an order of the County Court of Otsego County (Burns, J.), entered November 22, 2016, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal sexual act in the third degree (six counts), without a hearing.
In November 2013, defendant was convicted, following a jury trial, of six counts of criminal sexual act in the third degree. Defendant was sentenced to an aggregate prison term of 18 years, to be followed by 10 years of postrelease supervision. Defendant's appeal from the judgment of conviction was thereafter affirmed by this Court (129 AD3d 1339 [2015], lv denied 26 NY3d 969 [2015]). In September 2016, defendant moved under CPL 440.10
(1) to vacate the judgment of conviction on the basis of newly discovered evidence — namely, a forensic report — concluding that the audio recording admitted at trial of defendant's interrogation was not authentic, and because of alleged deficient representation. County Court denied the motion without a hearing. With this Court's permission, defendant now appeals.
We find no merit in defendant's argument that the forensic report challenging the authenticity of the recorded interrogation constituted newly discovered evidence. Defendant failed to demonstrate that such report could not have been obtained with due diligence prior to trial (see People v Mack, 301 AD2d 863, 864-865 [2003], lv denied 100 NY2d 540 [2003]; People v Wong, 256 AD2d 724, 726 [1998], lv denied 93 NY2d 903 [1999]). Additionally, as [*2]County Court found, the forensic report is merely impeachment evidence to attack the trial testimony of the investigator who testified as to the authenticity of the recording (see People v Tucker, 40 AD3d 1213, 1215 [2007], lv denied 9 NY3d 882 [2007]). Furthermore, even if we agreed with defendant that the report constituted newly discovered evidence, there was no reasonable probability that it would have changed the outcome (see People v Terry, 44 AD3d 1157, 1159 [2007], lv denied 10 NY3d 772 [2008]; People v Tucker, 40 AD3d at 1215; People v Civitello, 152 AD2d 812, 814-815 [1989], lv denied 74 NY2d 947 [1989]).
Defendant also argues that he received ineffective assistance because his trial counsel failed to investigate whether the audio recording of his interrogation was authentic and failed to object to its admission into evidence. In particular, defendant asserts that the People's case hinged upon this evidence. Contrary to this assertion, however, the People introduced testimony from the victim about defendant's inappropriate acts, which was further corroborated by other witnesses. Almost all of these witnesses were thoroughly cross-examined and, as defendant recognizes, he did not fully admit to the alleged wrongdoing during his interrogation.
In view of the foregoing, we cannot say that the failure to investigate the authenticity of the audio recording or to object to its admission constituted ineffective assistance (see People v Zayas-Torres, 143 AD3d 1176, 1177-1178 [2016], lv denied 30 NY3d 984 [2017]; People v Miller, 45 AD3d 1190, 1190-1191 [2007]; People v Williams, 306 AD2d 763, 765 [2003], lv denied 100 NY2d 625 [2003]). Moreover, given that defendant's trial counsel gave opening and closing statements, made pretrial motions, vigorously cross-examined the People's witnesses and offered proof on defendant's behalf, the trial record and written submissions fail to disclose that defendant was deprived of meaningful representation (see People v Blackman, 90 AD3d 1304, 1311-1312 [2011], lv denied 19 NY3d 971 [2012]; People v Avery, 80 AD3d 982, 987 [2011], lv denied 17 NY3d 791 [2011]). Accordingly, County Court properly denied defendant's motion without a hearing (see People v Satterfield, 66 NY2d 796, 799-800 [1985]; People v Bethune, 80 AD3d 1075, 1076 [2011], lv denied 17 NY3d 792 [2011]; People v Brown, 23 AD3d 702, 703 [2005], lv denied 6 NY3d 774 [2006]; People v Demetsenare, 14 AD3d 792, 795 [2005]).
McCarthy, J.P., Devine, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is affirmed.