People v Sahler (2019 NY Slip Op 00639)





People v Sahler


2019 NY Slip Op 00639


Decided on January 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 31, 2019

108962

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MATTHEW SAHLER, Appellant.

Calendar Date: January 4, 2019

Before: Egan Jr., J.P., Clark, Devine, Aarons and Rumsey, JJ.


Andrew Kossover, Public Defender, Kingston (Michael K. Gould of counsel), for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered July 23, 2015, convicting defendant upon his plea of guilty of the crimes of aggravated driving while intoxicated and driving while intoxicated.
Following an incident that occurred in July 2014, defendant was charged in a three-count indictment with aggravated driving while intoxicated, driving while intoxicated as a felony and aggravated unlicensed operation of a motor vehicle in the first degree. Three months later, defendant was involved in a motor vehicle accident, as the result of which he subsequently waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of driving while intoxicated as a felony. In full satisfaction of both instruments, defendant pleaded guilty to one count of aggravated driving while intoxicated (as charged in the indictment) and one count of driving while intoxicated as a felony (as charged in the superior court information) with the understanding that he would be sentenced to consecutive terms of imprisonment of 2&frac13; to 7 years. Defendant further agreed to, and did, waive his right to appeal. County Court imposed the contemplated terms of imprisonment, and this appeal ensued.
We affirm. Defendant's challenge to the validity of his waiver of the right to appeal is unpersuasive. "[A]lthough the appeal waiver was not mentioned when the terms of the plea agreement were initially placed on the record, defendant was informed during the plea colloquy, and prior to pleading guilty, that a waiver of the right to appeal was part of the plea bargain" (People v Gilbert, 145 AD3d 1196, 1196 [2016] [internal quotation marks and citation omitted], lvs denied 28 NY3d 1184, 1187 [2017]). County Court advised defendant that, although he had a "separate and distinct . . . right to appeal anything that . . . happened in this case to a higher court," he was being asked to waive that right as part of the plea bargain (see People v Franklin, 164 AD3d 1547, 1548 [2018]; People v Sassenscheid, 162 AD3d 1108, 1108-1109 [2018]). Defendant responded that he understood the nature of the waiver and had no questions relative thereto (see People v Wickwire, 166 AD3d 1170, 1171 [2018]; People v Aldous, 166 AD3d [*2]1077, 1078 [2018], lv denied ___ NY3d ___ [Dec. 31, 2018]). Additionally, following a brief adjournment to confer with counsel, defendant stated that he had no questions on that point and executed a detailed written waiver in open court (see People v Koontz, 166 AD3d 1215, 1216 [2018]; People v Williams, 163 AD3d 1172, 1172-1173 [2018], lv denied 32 NY3d 1009 [2018]). We are satisfied from the foregoing that defendant's combined oral and written waiver of the right to appeal was knowing, intelligent and voluntary (see People v Daniels, 167 AD3d 1087, 1088 [2018]; People v Watkins, 166 AD3d 1239, 1240 [2018]). Accordingly, defendant's challenge to the perceived severity of his sentence is precluded (see People v Cherry, 166 AD3d 1220, 1221 [2018]).
Egan Jr., J.P., Clark, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.