People v Robles (2019 NY Slip Op 04056)





People v Robles


2019 NY Slip Op 04056


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

109579

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ENRIQUE ROBLES, Appellant.

Calendar Date: April 22, 2019

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Cliff Gordon, Monticello, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeals (1) from a judgment of the Supreme Court (Breslin, J.), rendered January 10, 2017 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered March 20, 2018 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In satisfaction of a four-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and waived his right to appeal, both orally and in writing. Under the terms of the negotiated plea agreement, Supreme Court agreed to sentence defendant to a term of imprisonment no greater than 10 years, to be followed by three years of postrelease supervision. Prior to sentencing, defendant provided cooperation to the State Police in certain criminal matters, resulting in the confiscation of numerous firearms. Taking this into consideration, Supreme Court sentenced defendant as a second felony offender to four years in prison, followed by three years of postrelease supervision. Thereafter, he made a pro se motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he was denied the effective assistance of counsel. Supreme Court denied the motion. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.
Defendant contends, among other things, that he was promised that he would not serve any prison time if he cooperated with the State Police and, having provided such cooperation, was deprived of the benefit of his plea bargain by being sentenced to a term of imprisonment [FN1]. [*2]The record, however, does not support defendant's claim. At the inception of the plea proceedings, Supreme Court stated on the record that the plea agreement required that defendant plead guilty to criminal possession of a controlled substance in the third degree and that he waive his right to appeal, in exchange for which he would be sentenced to no more than 10 years in prison followed by three years of postrelease supervision. Defendant communicated that he wished to plead guilty in accordance with these terms and there was never any mention of him not receiving any prison time if he cooperated with police. Although he acknowledges that this alleged representation was made by one of the investigators following his arrest, it was certainly not binding on the court (see People v Brown, 119 AD3d 980, 981 n [2014], lv denied 24 NY3d 959 [2014]). Accordingly, defendant was not deprived of the benefit of his plea bargain (see People v Widger, 160 AD3d 1297, 1298 [2018]; People v Brown, 123 AD3d 1300, 1301 [2014], lv denied 25 NY3d 1198 [2015]).
Defendant further asserts that he was deprived of the effective assistance of counsel. Specifically, he maintains that counsel neglected to take measures to enforce the alleged plea agreement under which he would not receive any prison time if he cooperated with the State Police [FN2]. As noted above, however, there is nothing in the record to substantiate the existence of such a plea agreement. Notably, defendant remained silent when sentence was pronounced and never mentioned that his sentence should not include prison time. Moreover, he failed to put forth any proof, other than his own self-serving statement, in support of his CPL 440.10 motion. Furthermore, defendant indicated to Supreme Court during the plea proceedings that he was fully satisfied with his counsel's representation. The record discloses that, in arguing for a reduced sentence, his counsel stressed defendant's cooperation with the police and succeeded in securing a sentence of only four years in prison, significantly less than the 10 years that could have been imposed. Inasmuch as the record reveals that counsel negotiated an advantageous plea and nothing therein casts doubt upon counsel's effectiveness, we find that defendant was provided meaningful representation (see People v Griffin, 165 AD3d 1316, 1318 [2018]; People v Jackson, 159 AD3d 1276, 1277 [2018], lv denied 31 NY3d 1149 [2018]; People v Pecararo, 83 AD3d 1284, 1286-1287 [2011], lv denied 17 NY3d 820 [2011]).
Egan Jr., J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment and order are affirmed.



Footnotes

Footnote 1: To the extent that this may be construed as a challenge to the severity of the sentence, it is precluded by defendant's waiver of the right to appeal which, contrary to defendant's contention, we find to be valid (see People v Peryea, 169 AD3d 1120, 1120 [2019], lv denied ___ NY3d ___ [Apr. 2, 2019]; People v Chapman, 168 AD3d 1315, 1316 [2019]).

Footnote 2: Notably, defendant concedes that his assertions that counsel was ineffective for failing to request the search warrant, engage in motion practice or contest the drug test results are waived by his guilty plea.