People v Snare (2019 NY Slip Op 05809)





People v Snare


2019 NY Slip Op 05809


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

109334

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MARK SNARE, Appellant.

Calendar Date: June 3, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Aarons, JJ.


Timothy S. Brennan, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the County Court of Schenectady County (Milano, J.), rendered October 27, 2015, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.
In full satisfaction of a seven-count indictment and potential future charges brought against defendant for any prior burglaries that he might have allegedly committed in Schenectady County between March 10, 2014 and January 6, 2015, defendant pleaded guilty to burglary in the first degree and executed a waiver of the right to appeal, orally and in writing. Consistent with the terms of the plea agreement, defendant was sentenced, as a persistent violent felony offender, to a prison term of 20 years to life. Defendant appeals.
We affirm. The record reflects that, at the outset of the plea proceeding, County Court advised defendant that the waiver of the right to appeal was a condition of the plea agreement, and defendant acknowledged his understanding of the plea agreement and its terms (see People v Cherry, 166 AD3d 1220, 1221 [2018]; People v Charles, 163 AD3d 1362, 1362 [2018], lv denied 32 NY3d 1063 [2018]; People v Gilbert, 145 AD3d 1196, 1196 [2016], lvs denied 28 NY3d 1184, 1187 [2017]). County Court then advised defendant that his right to appeal was "separate and apart" from the trial-related rights automatically forfeited by his guilty plea, and defendant acknowledged that he understood the nature of the waiver and that he was voluntarily waiving his right to appeal the conviction and agreed-upon sentence (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Rogers, 162 AD3d 1410, 1410 [2018]; People v Tucker, 161 AD3d 1481, 1482 [2018], lv denied 31 NY3d 1153 [2018]; People v Stein, 161 AD3d 1389, 1390 [2018]). Defendant, after consulting with counsel, also signed a written waiver of appeal in open court — which adequately described the nature and scope of the appellate rights being waived and stated, among other things, that defendant was waiving his right to appeal in consideration of the plea agreement — and County Court confirmed that he had no questions about the written waiver (see [*2]People v Johnson, 170 AD3d 1274, 1275 [2019]; People v Watkins, 166 AD3d 1239, 1240 [2018], lv denied 33 NY3d 955 [2019]; People v Stein, 161 AD3d at 1390). Accordingly, we find that defendant's combined oral and written waiver of appeal was knowing, intelligent and voluntary (see People v Cherry, 166 AD3d at 1221; People v Turner, 158 AD3d 892, 892 [2018]). Given the valid appeal waiver, defendant's claim that the agreed-upon sentence imposed was harsh and excessive is precluded (see People v Pacherille, 25 NY3d 1021, 1023 [2015]; People v Lopez, 6 NY3d at 256; People v Douglas, 168 AD3d 1285, 1286 [2019]; People v Bridge, 166 AD3d 1168, 1169 [2018], lv denied 32 NY3d 1124 [2018]).
Finally, although defendant's claim of ineffective assistance of counsel survives the valid appeal waiver because it impacts the voluntariness of his plea (see People v Danielson, 170 AD3d 1430, 1431 [2019], lv denied 33 NY3d 1030 [2019]; People v Johnson, 170 AD3d at 1275; People v Taft, 169 AD3d 1266, 1267 [2019]), such challenge is unpreserved for our review in the absence of an appropriate postallocution motion. To the extent that defendant alleges that counsel failed to adequately explain the terms of the plea agreement with him, this claim is based upon facts outside the record and is more properly the subject of a CPL article 440 motion (see People v Hackett, 167 AD3d 1090, 1095 [2018]; People v Trimm, 129 AD3d 1215, 1216 [2015]; People v Keaton, 122 AD3d 954, 955 [2014], lv denied 24 NY3d 1220 [2015]).
Lynch, Clark, Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.