■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MORAN, Appellant. [891 NYS2d 678]—

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with attempted burglary in the second degree. He pleaded guilty to this charge and, in accordance with the plea agreement, was sentenced as a persistent violent felony offender to 12 years to life in prison. He now appeals.

Initially, we cannot agree with the People's assertion that defendant validly waived his right to appeal. An appeal waiver was not recited up front as one of the plea terms, and the record does not support the conclusion that defendant knowingly, intelligently and voluntarily waived that right (*see People v Callahan*, 80 NY2d 273, 280 [1992]). While defendant indicated during the plea colloquy that he knew that the plea bargain required an appeal waiver and he took the opportunity to confer with counsel, the record does not reflect that the court explained this right or ascertained that defendant understood its meaning or had discussed it with counsel, or that he actually waived this right, orally or in writing (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Riddick*, 40 AD3d 1259, 1259-1260 [2007], *lv denied* 9 NY3d 925 [2007]; *People v Phillips*, 28 AD3d 939, 939 [2006], *lv denied* 7 NY3d 761 [2006]).

Defendant's sole contention on appeal is that his sentence is harsh and excessive. While defendant may raise this claim in the absence of an appeal waiver despite the fact that it was an agreed-upon sentence (*see People v Pollenz*, 67 NY2d 264, 268 [1986]), given that he received the minimum available sentence as a persistent violent felony offender (*see* Penal Law § 70.08 [2], [3] [c]) for this class D violent felony (*see* Penal Law § 70.02 [1] [b], [c]), his claim is meritless (*see People v Williams*, 35 AD3d 971, 973 [2006], *lv denied* 8 NY3d 928 [2007]; *see also* CPL 470.20 [6]).

Cardona, P.J., Spain, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed.