■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINTON MIDDLETON, Also Known as CASH, Appellant. [898 NYS2d 729]—

Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered October 30, 2007, convicting defendant upon his plea of guilty of the crimes of conspiracy in the second degree, criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the fourth degree.

In satisfaction of an indictment charging defendant with several crimes related to his role in a conspiracy to traffic and sell cocaine, he pleaded guilty to conspiracy in the second degree,

criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the fourth degree. County Court sentenced defendant to a prison term of 3 to 9 years on the conspiracy count, a prison term of 8½ years and postrelease supervision of five years on the controlled substance count, and a jail term of one year on the weapon possession count, all to run concurrently. Defendant now appeals.

We do not agree with the People that defendant executed a valid appeal waiver. The purported appeal waiver was not cited as a term of the plea agreement as initially presented. While defendant stated during the plea colloquy that he understood such a waiver was included, he never indicated that he understood the meaning of the waiver itself, County Court made minimal efforts to explain the nature of it, and defendant did not indicate that he had discussed the issue with counsel. Accordingly, we cannot say that the appeal waiver was a knowing, voluntary and intelligent one (*see People v Moran*, 69 AD3d 1055, 1056 [2010]; *People v Riddick*, 40 AD3d 1259, 1259-1260 [2007], *lv denied* 9 NY3d 925 [2007]).

As defendant's appeal waiver is invalid, his argument that the sentence is harsh and excessive is properly before us; nevertheless, we reject it. The sentence imposed was within the range agreed to as part of the plea bargain, and we perceive no extraordinary circumstances or abuse of discretion that would warrant a reduction thereof given that defendant possessed substantial quantities of cocaine and was intimately involved in its preparation and distribution (*see People v Richardson*, 28 AD3d 1002, 1005 [2006], *lv denied* 7 NY3d 817 [2006]; *People v Dolison*, 23 AD3d 844, 845 [2005], *lv denied* 6 NY3d 812 [2006]).

Peters, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.