█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAONTE WHITE, Appellant. [912 NYS2d 136]—

Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 18, 2008, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant was charged in an eight-count indictment with various crimes and, in satisfaction thereof, pleaded guilty to one count of burglary in the second degree. The plea agreement contemplated that defendant would be sentenced to a prison term of seven years to be followed by postrelease supervision of three years, but left open the question of whether that sentence would run concurrently with or consecutively to a prior sentence imposed on a youthful offender adjudication. Additionally, defendant indicated that he was waiving his right to appeal during the plea colloquy. County Court imposed the agreed-upon sentence and directed that it run consecutively to the prior sentence, and defendant now appeals.

As an initial matter, we reject the People's claim that defendant validly waived his right to appeal. The plea agreement set forth on the record did not require defendant to give up his appeal rights. Moreover, County Court did not explain the nature of the waiver in detail during the plea colloquy, and defendant did not state that he understood the import of the waiver or that he had discussed the matter with counsel. As we have held, a waiver entered into under these circumstances is not knowingly, voluntarily and intelligently made (*see People v Middleton*, 72 AD3d 1336, 1337 [2010]; *People v Riddick*, 40 AD3d 1259, 1259-1260 [2007], *lv denied* 9 NY3d 925 [2007]).

Turning to the merits, defendant's argument that County Court erred in failing to consider him for youthful offender treatment is waived due to his failure to request that treatment at sentencing (*see People v McGowen*, 42 NY2d 905, 906 [1977]; *People v Hubbard*, 74 AD3d 1580, 1581 [2010]). Regardless, defendant had "previously been adjudicated a youthful offender following conviction of a felony," rendering him ineligible for youthful offender treatment here (CPL 720.10 [2] [c]; *see People v Oakley*, 71 AD3d 1479, 1480 [2010], *lv denied* 15 NY3d 755 [2010]).

Defendant next argues that his sentence was harsh and excessive, as it runs consecutively to one previously imposed. County Court was not obliged to impose a consecutive sentence given that the prior sentence arose from a youthful offender adjudication (*see* CPL 720.20 [3]; 720.35 [1]; *People v Carpenteur*, 21 NY2d 571, 573 [1968]; *cf.* Penal Law § 70.25 [2-a]). Nevertheless, defendant already had an eventful history in the criminal justice system, received a bargained-for sentence that was well within the permissible range and was aware that it could run consecutively to his earlier sentence. Given those facts and the violent nature of the present offense, we perceive no abuse of discretion or extraordinary circumstances that would warrant the modification of his sentence (*see People v Shaw*, 217 AD2d 714 [1995]; *People v Van Hoesen*, 213 AD2d 944, 945 [1995], *lv denied* 85 NY2d 980 [1995]).

Cardona, P.J., Mercure, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.