(November 24, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN HEADSPETH, Appellant. [911 NYS2d 264]—

Peters, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 26, 2008, (1) convicting defendant upon his plea of guilty of the crime of burglary in the first degree and of violating the terms of his probation, and (2) which revoked defendant's probation and imposed a sentence of imprisonment.

In 2006, defendant pleaded guilty to attempted robbery in the second degree and was subsequently sentenced to a jail term of six months and probation of five years. In 2008, he was charged with numerous crimes arising out of his participation in a home invasion in the City of Albany, and a probation violation petition was filed. Defendant entered into a plea agreement wherein he pleaded guilty to one count of burglary in the first degree and the violation petition. It was further agreed that, if defendant cooperated with authorities, the sentences would run

concurrently and he would face an aggregate prison sentence of 10 years to be followed by five years of postrelease supervision. Defendant was less than cooperative with authorities, but County Court nevertheless imposed the agreed-upon sentence. He now appeals and we affirm.

Initially, we do not agree with the People's assertion that defendant validly waived his right to appeal. When the terms of the plea agreement were placed on the record, an appeal waiver was not mentioned. During the plea colloquy itself, defendant indicated that he understood he was waiving his right to appeal, but County Court did not explain the nature of that waiver in detail and defendant neither stated that he understood its import nor discussed the matter with counsel. As such, the record does not reveal defendant's appeal waiver to have been a knowing, intelligent and voluntary one (*see People v Middleton,* 72 AD3d 1336, 1337 [2010]; *People v Moran,* 69 AD3d 1055, 1056 [2010]).

Defendant's sole argument that the sentence was harsh and excessive is without merit. The sentence imposed was recommended in the plea bargain and, indeed, County Court may well have been entitled to impose a longer sentence given defendant's apparent failure to cooperate with authorities.* As we perceive neither extraordinary circumstances nor an abuse of discretion that would warrant a reduction in the sentence, we decline to disturb it (*see People v Garcia,* 22 AD3d 880, 881 [2005]; *People v Drew,* 16 AD3d 840, 841 [2005]).

Mercure, J.P., Rose, Malone Jr. and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

---

* County Court adjudicated defendant to be a second felony offender when, in fact, he was a second violent felony offender (*see* Penal Law § 70.02 [1] [a], [b], [c]). Had he been sentenced as such, a prison sentence of 10 years would have been the statutory minimum (*see* Penal Law § 70.04 [3] [a]).