■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SWAHITI BOLDEN, Appellant. [911 NYS2d 265]—

Kavanagh, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 24, 2009, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.

In satisfaction of a four-count indictment, defendant pleaded

---

guilty to criminal possession of a weapon in the second degree. He was thereafter sentenced, as a second violent felony offender, to the agreed-upon seven-year prison term followed by five years of postrelease supervision. Defendant appeals.

Preliminarily, we find that County Court's cursory references to a purported appeal waiver during the plea allocution were insufficient to give it effect. This is particularly so because the record lacks any indication that such a waiver was a negotiated part of the plea agreement or that defendant had discussed the matter with counsel and understood its significance (*see People v Middleton*, 72 AD3d 1336, 1337 [2010]; *People v Moran*, 69 AD3d 1055, 1056 [2010]; *People v Riddick*, 40 AD3d 1259, 1259-1260 [2007], *lv denied* 9 NY3d 925 [2007]). Accordingly, we cannot agree with the People's claim that defendant knowingly, intelligently and voluntarily waived his right to appeal (*see People v Callahan*, 80 NY2d 273, 280 [1992]).

Turning to defendant's arguments, his failure to move to withdraw his plea or vacate the judgment of conviction renders defendant's challenges to the voluntariness of the plea or the factual sufficiency of his plea allocution unpreserved for our review (*see People v Glynn*, 73 AD3d 1290, 1291 [2010]). Nor does the exception to the preservation rule apply, as defendant made no statements during the plea allocution that cast doubt on his guilt or tended to negate an essential element of the crime (*see People v Scitz*, 67 AD3d 1251, 1251 [2009]). In any event, contrary to defendant's assertion, his unequivocal affirmative responses to the court's questions were sufficient to establish his guilt, and the record amply demonstrates that defendant knowingly, voluntarily and intelligently entered the plea (*see People v Campbell*, 66 AD3d 1059, 1060 [2009]; *People v Quaye*, 52 AD3d 1021, 1021-1022 [2008], *lv denied* 11 NY3d 834 [2008]).

Defendant's claim that he was denied the effective assistance of counsel is likewise unpreserved since he did not move to withdraw the plea or vacate the judgment of conviction (*see People v Gomez*, 72 AD3d 1337, 1338 [2010]). Were we to review this claim, we would find it unpersuasive as the majority of defendant's complaints involve matters outside the record and are not properly the subject of a direct appeal (*see People v Brown*, 68 AD3d 1150, 1151 [2009]). Additionally, nothing in the record casts doubt on counsel's effectiveness (*see People v Chaney*, 72 AD3d 1194, 1195-1196 [2010]; *People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008]). Indeed, defendant indicated on the record that he had sufficient time to confer with counsel and that he was satisfied with counsel's ser-

vices; moreover, counsel made appropriate pretrial motions and, most notably, negotiated an advantageous plea that greatly reduced defendant's sentencing exposure (*see People v Lewis*, 69 AD3d 1232, 1234-1235 [2010]).

In that regard, we find no merit to defendant's contention that the agreed-upon sentence is harsh and excessive. Defendant was convicted of a class C felony and sentenced as a second violent felony offender; thus, there is no "legally authorized lesser sentence" (CPL 470.20 [6]; *see People v Williams*, 35 AD3d 971, 973 [2006], *lv denied* 8 NY3d 928 [2007]) than the imposed seven-year prison term (*see* Penal Law § 70.04 [3] [b]).

Spain, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.