■ The People of the State of New York, Respondent, v Alberto Murillo, Appellant. [912 NYS2d 451]—

Garry, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered December 15, 2009, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant, a prison inmate, was charged with assault in the second degree, promoting prison contraband in the first degree and promoting prison contraband in the second degree (two counts). Pursuant to a plea agreement, defendant pleaded guilty to assault in the second degree in full satisfaction of the charges. He was thereafter sentenced as a second felony offender to the agreed-upon term of five years in prison, to be followed by three years of postrelease supervision, with the sentence to be served consecutively to the one he was then serving. Defendant now appeals.

Defendant's written waiver of appeal is entirely unsupported by the plea colloquy. There is not even a minimal indication upon the record of proceedings in open court that defendant understood the waiver, that it was a term of his plea agreement, or that he had discussed such waiver with counsel at any point. Thus, the record does not demonstrate that defendant knowingly, intelligently and voluntarily waived his right to appeal (*see People v McCaskill*, 76 AD3d 751, 752 [2010]; *People v Riddick*, 40 AD3d 1259, 1259-1260 [2007], *lv denied* 9 NY3d 925 [2007]).

Nonetheless, we disagree with defendant's assertion that his sentence is harsh and excessive. County Court imposed the agreed-upon sentence, and we discern no abuse of discretion by the court or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Middleton*, 72 AD3d 1336, 1337 [2010]; *People v Moran*, 69 AD3d 1055, 1056 [2010]).

Mercure, J.P., Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.