■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINTEN XAVIER BURTON, Appellant. [939 NYS2d 717]—

Peters, J.P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 21, 2009, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant was charged in an indictment with robbery in the first degree, robbery in the second degree, assault in the second degree and grand larceny in the fourth degree. He thereafter pleaded guilty to assault in the second degree in full satisfaction of the charges, in return for a sentence of no more than 5½ years in prison. County Court thereafter sentenced defendant to five years in prison, to be followed by 1½ years of postrelease supervision. Defendant now appeals and we affirm.

Initially, we agree with defendant that he did not validly waive his right to appeal. There was no mention of an appeal waiver when the terms of the plea were placed on the record and, although defendant acknowledged that he understood that he was waiving his right to appeal, there is no indication in the record that defendant understood the ramifications of the waiver or that he had discussed it with counsel. Accordingly, we cannot conclude that defendant knowingly, voluntarily and intelligently waived his right to appeal (*see People v Bradshaw*, 18 NY3d 257, 264-266 [2011]; *People v Bolden*, 78 AD3d 1419, 1420 [2010], *lv denied* 16 NY3d 828 [2011]; *People v Headspeth*, 78 AD3d 1418, 1419 [2010]).

Turning to his remaining arguments, defendant's claim that he was denied the effective assistance of counsel is unpreserved for our review in light of his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Walker*, 84 AD3d 1643, 1643-1644 [2011]; *People v Belle*, 74 AD3d 1477, 1480 [2010], *lv denied* 15 NY3d 918 [2010]). Finally, we reject

defendant's contention that his sentence was harsh and excessive. Although defendant relies on being diagnosed with post-traumatic stress disorder and gender identity disorder in support of his claim, these mental health problems do not mitigate his violent conduct (*see People v Nelson*, 56 AD3d 899 [2008], *lv denied* 12 NY3d 761 [2009]; *People v Masters*, 36 AD3d 959, 960-961 [2007], *lv denied* 8 NY3d 925 [2007]). In view of this, and given that defendant received a sentence that was less than the maximum permitted under the plea agreement, we discern no abuse of discretion by County Court or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Murillo*, 79 AD3d 1379, 1380 [2010]; *People v Aubrey*, 73 AD3d 1393, 1394 [2010], *lv denied* 16 NY3d 893 [2011]).

Rose, Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.