Stein, J.
Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered January 5, 2009 in Clinton County, convicting defendant upon his plea of guilty of the crime of assault in the first degree and endangering the welfare of a child (three counts).
In August 2008, defendant was charged by indictment with numerous felonies arising out of an incident on May 17, 2008 in which defendant allegedly entered the family home and, among other things, savagely beat his wife in front of three children— one child of the marriage and two children of the wife — and then set the house on fire. Pursuant to a plea negotiation, defendant entered an Alford plea to one count of assault in the first degree and three counts of endangering the welfare of a child in satisfaction of the indictment. Defendant was thereafter sentenced to an aggregate term of 20 years in prison, to be followed by five years of postrelease supervision. This appeal ensued.
Initially, we agree with defendant’s contention that the record does not support a finding that he validly and intelligently waived his right to appeal. A review of the record reveals that such a waiver was mentioned only in passing in connection with defendant’s plea and provides no basis for us to conclude that “defendant understood the ramifications of the waiver” (People v Burton, 93 AD3d 949, 949 [2012], lv denied 19 NY3d 958 [2012]). Although defendant apparently signed a written waiver of the right to appeal on the date of his plea, there was no discussion or inquiry by Supreme Court as to such waiver in either the plea or sentencing minutes (see People v Bradshaw, 18 NY3d 257, 267 [2011]; People v Borden, 91 AD3d 1124, 1125 [2012], lv denied 19 NY3d 862 [2012]; compare People v McDuffie, 89 AD3d 1154, 1156 [2011], lv denied 19 NY3d 964 [2012]).
Nonetheless, we find no merit to defendant’s contention that the negotiated sentence was harsh and excessive. In view of the heinous nature of the crimes and the fact that defendant clearly “agreed to the sentence included in the plea agreement in order to avoid exposure to a much longer sentence if convicted after trial” (People v Lasanta, 89 AD3d 1324, 1324 [2011]), we decline to reduce the sentence, which was less than the maximum allowed by statute (see Penal Law § 70.02 [3] [a]).
*1102 Mercure, J.E, Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.