— Egan Jr., J. Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered May 13, 2011, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant pleaded guilty to criminal possession of a weapon in the second degree in full satisfaction of an eight-count indictment and other pending charges. In consideration of his plea, the People and County Court agreed to a prison term of no more than eight years followed by five years of postrelease supervision. At sentencing, defendant admitted to being a predicate felon, and County Court thereafter sentenced him, as a second felony offender, to a prison term of eight years followed by five years of postrelease supervision. Defendant now appeals.
Defendant’s initial claim — that County Court failed to comply *1334 with the provisions of CPL 400.21 in establishing his status as a second felony offender—is unpreserved for our review as defendant voiced no objection in this regard at sentencing (see People v Walton, 101 AD3d 1489, 1490 [2012], lv denied 20 NY3d 1105 [2013]). In any event, the record reflects that defendant was provided with a copy of the predicate felony statement, given an opportunity to be heard with respect to the validity thereof and acknowledged that he committed the prior felonies described therein. Accordingly, we find that there was substantial compliance with the statute (see id.; People v Winslow, 100 AD3d 1031, 1031 [2012]; People v Glynn, 72 AD3d 1351, 1352 [2010], lv denied 15 NY3d 773 [2010]). As for defendant’s assertions that his plea was not knowing, voluntary and intelligent and that he was denied the effective assistance of counsel, there is nothing in the record to indicate that defendant moved to withdraw the plea or vacate the judgment of conviction; hence, these issues are unpreserved for our review (see People v Bolden, 78 AD3d 1419, 1420 [2010], lv denied 16 NY3d 828 [2011]). Further, the narrow exception to the preservation requirement was not triggered here (see People v Caldwell, 80 AD3d 998, 998 [2011], lv denied 16 NY3d 857 [2011]; People v Bolden, 78 AD3d at 1420).
Finally, as defendant points out, the certificate of conviction and the uniform sentence and commitment sheet incorrectly indicate that defendant was convicted of a class B felony instead of a class C felony (see Penal Law § 265.03) and must be amended accordingly (cf. People v Vasavada, 93 AD3d 893, 894 [2012], lv denied 19 NY3d 978 [2012]; People v Martinez, 37 AD3d 1099, 1100 [2007], lv denied 8 NY3d 947 [2007]).
Lahtinen, J.E, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.