*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 11, 2015                    105206
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

MICHAEL J. SIMMONS,
                        Appellant.
_____


Calendar Date:  April 28, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Rose, JJ.

                        _____


        Albert F. Lawrence, Greenfield Center, for appellant.

        Nicole M. Duve, Special Prosecutor, Ogdensburg, for
respondent.

                        _____


Rose, J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered January 9, 2012, convicting
defendant upon his plea of guilty of the crime of attempted
murder in the second degree.

        Defendant was charged in a nine-count indictment with
attempted murder in the first and second degrees, rape in the
first degree, unlawful imprisonment in the first degree and
assault in the first degree (four counts) and second degree after
he brutally attacked his wife.  After a suppression hearing,
County Court determined that defendant's statements to law
enforcement following the attack were admissible.  Defendant
ultimately pleaded guilty to attempted murder in the second
degree in full satisfaction of the indictment and waived his

right to appeal, both orally and in writing.  County Court then sentenced defendant, in accordance with the plea agreement, to a prison term of 15 years, to be followed by five years of postrelease supervision.  He now appeals.

Initially, defendant argues that County Court's suppression ruling was erroneous, and that such an argument may be made notwithstanding his waiver of appeal.  We cannot agree. Defendant's general waiver of appeal from "any aspect of this matter" precludes his challenge to the suppression ruling (see People v Kemp, 94 NY2d 831, 833 [1999]; People v Stone, 105 AD3d 1094, 1095 [2013]; People v Colon, 101 AD3d 1161, 1161-1162 [2012], lv denied 21 NY3d 1003 [2013]).[1]  To the extent that defendant's claim that he was denied the effective assistance of counsel survives his appeal waiver, he failed to preserve it with an appropriate postallocution motion (see People v Smith, 121 AD3d 1131, 1132 [2014], lv denied 24 NY3d 1123 [2015]; People v Boone, 101 AD3d 1358, 1359 [2012], lv denied 20 NY3d 1096 [2013]).  Finally, defendant's valid appeal waiver also precludes his challenge to the severity of the sentence (see People v Dale, 115 AD3d 1002, 1007 [2014]; People v Colon, 101 AD3d at 1162; People v Griffin, 100 AD3d 1153, 1154 [2012], lv denied 20 NY3d 1011 [2013]).

Peters, P.J., Lahtinen and McCarthy, JJ., concur.

---

[1]  Although not raised by defendant, we agree with the People that his appeal waiver was valid (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Burritt, 127 AD3d 1433, 1434 [2015]; People v Balbuena, 123 AD3d 1384, 1385 [2014]).

ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court