Devine, J.
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered January 16, 2015 in Albany County, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree (two counts), criminally using drug paraphernalia in the second degree, unlawful possession of marihuana and criminal possession of a controlled substance in the seventh degree.
Investigators placed defendant’s apartment under surveillance after receiving a tip that drug sales had been occurring there. During the course of the stakeout, officers observed a woman enter and quickly exit the apartment. A traffic stop of the woman’s vehicle was effected and cocaine was recovered. She pointed to defendant as the supplier of that cocaine and, based upon her supporting deposition and the observations of investigators, a search warrant for defendant’s apartment was issued and executed. Cocaine and marihuana were recovered from the apartment and defendant, after having been taken into custody and Mirandized, made incriminating statements to investigators.
An indictment was thereafter handed up that, as amended, *1227 charged defendant with two counts of criminal possession of a controlled substance in the third degree, criminally using drug paraphernalia in the second degree, unlawful possession of marihuana and criminal possession of a controlled substance in the seventh degree. Following a hearing, Supreme Court declined to suppress physical evidence recovered during the search of defendant’s apartment or his statements to police. Defendant proceeded to trial but, shortly after the People rested their case, pleaded guilty to the indictment and waived his right to appeal from the conviction and sentence. Supreme Court promised to sentence defendant, a second felony offender, to an aggregate prison term of six years to be followed by post-release supervision of three years. The agreed-upon sentence was imposed, and defendant now appeals.
Defendant does not challenge the validity of his waiver of appeal and, in any case, our review of the plea colloquy and the written waiver he executed after conferring with counsel confirms that it was knowingly, intelligently and voluntarily entered into (see People v Sanders, 25 NY3d 337, 341-342 [2015]; People v Lopez, 6 NY3d 248, 257 [2006]). Contrary to defendant’s contention, the appeal waiver encompassed “any and all matters that took place during the entire pendency of this action” and precludes his arguments regarding the denial of his suppression motion (see People v Sanders, 25 NY3d at 342; People v Kemp, 94 NY2d 831, 833 [1999]; People v Simmons, 129 AD3d 1200, 1201 [2015], lv denied 27 NY3d 1075 [2016]).
Defendant’s remaining claim that he received ineffective assistance of counsel, to the extent that it survives his appeal waiver, is unpreserved for our review given his failure to make an appropriate postallocution motion (see People v Simmons, 129 AD3d at 1201; People v Smith, 121 AD3d 1131, 1132 [2014], lv denied 24 NY3d 1123 [2015]). He does not claim, and the record does not show, that this case falls within the narrow exception to the preservation rule (see People v Williams, 27 NY3d 212, 214 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]).
As a final matter, a discrepancy exists between certain forms and the sentencing minutes with respect to count four of the indictment which, as amended at trial, charged defendant with unlawful possession of marihuana. Defendant pleaded guilty to the amended count and was appropriately sentenced by Supreme Court, but both the certificate of conviction and uniform sentence and commitment form refer to a conviction upon the original count of criminal possession of marihuana in *1228 the fifth degree. The judgment need not be disturbed under these circumstances, but remittal is required so that Supreme Court may correct the error on both forms (see People v Minaya, 54 NY2d 360, 364-365 [1981], cert denied 455 US 1024 [1982]; People v Gathers, 106 AD3d 1333, 1334 [2013], lv denied 21 NY3d 1073 [2013]).
Garry, J.P., Rose, Clark and Mulvey, JJ., concur.
Ordered that the judgment is affirmed, and matter remitted for entry of an amended certificate of conviction and an amended uniform sentence and commitment form.