THIRD DEPARTMENT, JUNE, 2017

(June 1, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST HARTFIELD, Also Known as SNOOPY, Appellant. [57 NYS3d 217]—

Devine, J. Appeal from a judgment of the County Court of Columbia County (Koweek, J.), rendered June 24, 2014, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree (two counts), criminal sale of a controlled substance in the third degree (nine counts) and resisting arrest, and the violation of unlawful possession of marihuana.

Defendant was charged, in three indictments, with criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree (two counts), criminal sale of a controlled substance in the third degree (nine counts), resisting arrest and unlawful possession of marihuana. Following an unsuccessful suppression motion, he pleaded guilty as charged and waived his right to appeal. He did so upon the understanding that his guilty plea would satisfy other pending charges and that, regardless of the outcome of a dispute as to whether his prior conviction for a federal drug offense rendered him a second felony offender, there would be a joint recommendation to sentence him to no more than 7½ years in prison and a period of postrelease supervision. Defendant acknowledged at sentencing that he had previously been convicted of a predicate felony, and County Court sentenced him, as a second felony offender, to an aggregate prison term of seven years, to be followed by three years of postrelease supervision. Defendant now appeals.

Initially, we find that defendant made a knowing, intelligent and voluntary waiver of his right to appeal. Defendant executed a written plea agreement for each indictment that explained his right to appeal and waived it aside from a challenge to "the sentence . . . should it be harsher than the sentence that the District Attorney and [defendant] negotiated and jointly recommended." During the plea colloquy, defendant acknowledged that he had read those documents and had sufficient time to discuss them with defense counsel. County Court then "adequately described [the right to appeal] without lumping it into the panoply of rights normally forfeited upon a guilty plea" and confirmed that defendant understood his decision to waive it except as described in the written plea agreements (*People v Sanders*, 25 NY3d 337, 341 [2015]). The record accordingly establishes that defendant's appeal waivers were

valid (*see id.*; *People v Lopez*, 6 NY3d 248, 257 [2006]; *People v Toledo*, 144 AD3d 1332, 1332-1333 [2016], *lv denied* 29 NY3d 1001 [Apr. 6, 2017]). The valid appeal waivers, in turn, preclude his challenges to the denial of his suppression motion (*see People v Sanders*, 25 NY3d at 342; *People v Kemp*, 94 NY2d 831, 833 [1999]) and the severity of his sentence (*see People v Lopez*, 6 NY3d at 255).

Defendant's further attack upon the procedures employed to determine his predicate felony status survives his appeal waivers (*see People v Glynn*, 72 AD3d 1351, 1351-1352 [2010], *lv denied* 15 NY3d 773 [2010]), but is unpreserved due to his failure to object to that procedure before County Court (*see People v Pellegrino*, 60 NY2d 636, 637 [1983]; *People v Gathers*, 106 AD3d 1333, 1333-1334 [2013], *lv denied* 21 NY3d 1073 [2013]). In any event, defendant pleaded guilty knowing full well that the question of whether he would be sentenced as a second felony offender remained unresolved. The People did not file a predicate felony statement in a timely manner, but did hand one up at sentencing stating that defendant had previously been convicted of a federal drug offense constituting a felony under New York law (*see* CPL 400.21 [2]). Defense counsel then stated on the record that he had advised defendant that the federal conviction amounted to a prior felony conviction and that there was "nothing to challenge," at which point defendant admitted under oath that the allegations in the statement were accurate. Under these circumstances, "[t]he People's failure to file a predicate statement [until after sentencing] was harmless, and remanding for filing and resentencing would be futile and pointless" (*People v Bouyea*, 64 NY2d 1140, 1142 [1985]; *see People v Harris*, 61 NY2d 9, 20 [1983]; *People v Gathers*, 106 AD3d at 1334; *People v Walton*, 101 AD3d 1489, 1490 [2012], *lv denied* 20 NY3d 1105 [2013]).

As a final matter, a few of our prior cases have noted that "substantial compliance" with CPL 400.21 is sufficient to uphold sentencing a defendant as a second felony offender (*People v Pierre*, 8 AD3d 904, 906 [2004], *lv denied* 3 NY3d 710 [2004]), but that a "complete failure" to file a predicate statement will "render[ ] the sentence invalid as a matter of law" (*id.* at 907; *see People v De Fayette*, 16 AD3d 708, 710 [2005], *lv denied* 4 NY3d 885 [2005]). Our reading of those cases is that they stand for the proposition that a significant failure to comply with the procedures of CPL 400.21, absent circumstances showing the error to be harmless, will be fatal to the ensuing sentence (*see e.g. People v Bouyea*, 64 NY2d at 1142; *People v Harris*, 61 NY2d at 20). We do not read them as hold-

ing that the failure to timely file a predicate statement is inexorably fatal to the validity of the ensuing sentence and, to the extent that reading is possible, we do not countenance it.

Peters, P.J., Garry, Mulvey and Aarons, JJ., concur. Ordered that the judgment is affirmed.