People v Dobbs (2018 NY Slip Op 00352)





People v Dobbs


2018 NY Slip Op 00352


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

107122

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NASHON DOBBS, Appellant.

Calendar Date: December 14, 2017

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Erin C. Morigerato, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily A. Schultz of counsel), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered May 30, 2014 in Albany County, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
In full satisfaction of a four-count indictment, defendant pleaded guilty to burglary in the second degree and waived his right to appeal. County Court thereafter sentenced defendant in accordance with the negotiated plea agreement to seven years in prison, to be followed by three years of postrelease supervision. Defendant now appeals.
We affirm. Contrary to defendant's contention, his waiver of the right to appeal was valid. County Court distinguished the right to appeal from the rights automatically forfeited by the
guilty plea, and defendant affirmed his understanding of the waiver. Additionally, defendant executed a written waiver in open court after discussing the waiver with counsel. Accordingly, defendant's waiver of the right to appeal his conviction and sentence was knowing, intelligent and voluntary (see People v McRae, 150 AD3d 1328, 1329 [2017], lv denied 29 NY3d 1093 [2017]; People v Caldwell, 148 AD3d 1468, 1468 [2017]). To the extent that defendant challenges the denial of his motion to suppress certain statements that he made to police and physical evidence seized upon his arrest, such challenge is precluded by his valid appeal waiver (see People v Hartfield, 151 AD3d 1116, 1118 [2017], lv denied 29 NY3d 1127 [2017]; People v Payne, 148 AD3d 1226, 1227 [2017], lv denied 29 NY3d 1084 [2017]). Similarly, the appeal [*2]waiver precludes defendant's claim that the sentence is harsh and excessive (see People v Hartfield, 151 AD3d at 1118; People v Oddy, 144 AD3d 1322, 1323 [2016], lv denied 29 NY3d 1131 [2017]; People v Hakkenberg, 142 AD3d 1251, 1252 [2016], lv denied 28 NY3d 1072 [2016]).
Defendant's challenge to the voluntariness of his guilty plea survives his appeal waiver, but is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Rayburn, 150 AD3d 1553, 1554 [2017]; People v Toledo, 144 AD3d 1332, 1333 [2016], lv denied 29 NY3d 1001 [2017]). Further, defendant made no statements during the plea colloquy that would trigger the narrow exception to the preservation rule (see People v Dubois, 150 AD3d 1562, 1563 [2017]; People v Taylor, 144 AD3d 1317, 1318 [2016], lvs denied 28 NY3d 1144, 1151 [2017]).
McCarthy, J.P., Egan Jr., Devine and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.