People v Gresham (2018 NY Slip Op 04986)





People v Gresham


2018 NY Slip Op 04986


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, 
v
JOVAN T. GRESHAM, Appellant,

Calendar Date: June 11, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


 Samantha E. Koolen, Albany, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered October 4, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree (two counts).
Following three separate incidents in 2010 and 2011, defendant was charged in an eight-count indictment with attempted murder in the second degree, assault in the first degree and six counts of criminal possession of a weapon in the second degree. In full satisfaction of the indictment, defendant pleaded guilty to two counts of criminal possession of a weapon in the second degree, and was thereafter sentenced, in accordance with the negotiated plea agreement, to concurrent prison terms of eight years, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant's sole claim on appeal is that his sentence is harsh and excessive. We disagree. Defendant was permitted to plea to just two of eight counts in the indictment, all charging violent felonies, and was given a sentence significantly less than the maximum allowable sentence (see Penal Law § 70.02 [3] [b]). Given the severity of the charges and the favorable disposition of the indictment, as well as defendant's agreement to the eight-year sentence as part of the negotiated plea agreement, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Nevins, 161 AD3d 1393, 1394 [2018]; People v Brodhead, 106 AD3d 1337, 1337 [2013], lv denied 22 NY3d 1087 [2014]). Finally, we note that the certificate of conviction incorrectly reflects that defendant was sentenced to concurrent prison terms of 3½ years. Although "[t]he judgment need not be disturbed under these circumstances," remittal is required so that County Court may correct the error on said form (People v Payne, 148 AD3d 1226, 1228 [2017], lv denied 29 NY3d 1084 [2017]; see People v Cooley, 149 AD3d 1268, 1271 [2017], lvs denied 30 NY3d 979, 981 [2017]).
Egan Jr., J.P., Clark, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted for entry of an amended certificate of conviction.