People v Walker (2018 NY Slip Op 08204)





People v Walker


2018 NY Slip Op 08204


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

108674

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL WALKER, Also Known as SAM, SK, MIKE and SHAQ, Appellant.

Calendar Date: October 10, 2018

Before: Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ.


Martin J. McGuinness, Saratoga Springs, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the Supreme Court (Coccoma, J.), rendered February 22, 2016 in Schenectady County, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and perjury in the first degree.
Defendant was charged in an indictment with multiple crimes arising from his sales of heroin and false grand jury testimony. Following discovery and the commencement of a jury trial, defendant decided to accept the People's plea offer. In satisfaction of the indictment,[FN1] he pleaded guilty to criminal sale of a controlled substance in the third degree and perjury in the first degree and waived his right to appeal, both orally and in writing. Supreme Court sentenced defendant as a second felony offender in accordance with the terms of the plea agreement to prison terms of six years, followed by two years of postrelease supervision, on the drug conviction and to 2 to 4 years on the perjury conviction, which sentences were to run concurrently. Defendant appeals. We affirm.
We reject defendant's assertion that his appeal waiver was invalid. The record discloses that Supreme Court advised defendant of the trial-related rights that he would be forfeiting as a consequence of pleading guilty. After doing so, the court further advised defendant that he had the right to have an appellate court review his conviction and sentence, but that an appeal waiver was a condition of the plea agreement. Defendant orally confirmed that he understood what he was giving up by waiving his right to appeal, and he signed a written waiver of appeal in open court after reading and reviewing it with his counsel. Even though the court did not specifically utilize the words "separate and distinct," "the court is not obliged to engage in any particular [*2]litany or catechism in satisfying itself that a defendant has entered a knowing, intelligent and voluntary appeal waiver" (People v Griffin, 134 AD3d 1228, 1228-1229 [2015] [internal quotations marks and citation omitted], lv denied 27 NY3d 1132 [2016]; see People v Lopez, 6 NY3d 248, 256 [2006]; People v Franklin, 164 AD3d 1547, 1548 [2018]). In view of the oral colloquy and the written waiver, we are satisfied that the court sufficiently apprised defendant of his right to appeal without lumping it in with those trial-related rights being forfeited by his plea (see People v Hartfield, 151 AD3d 1116, 1117 [2017], lv denied 29 NY3d 1127 [2017]; People v Pixley, 150 AD3d 1555, 1557 [2017], lv denied 30 NY3d 952 [2017]). As such, we find that defendant's appeal waiver was valid (see People v King, 163 AD3d 1352, 1352 [2018]; People v Wood, 161 AD3d 1447, 1448 [2018]; People v Garrow, 147 AD3d 1160, 1161 [2017]). That said, defendant is precluded from arguing that the agreed-upon sentence was harsh and excessive (see People v Nieves, 163 AD3d 1359, 1359 [2018], lv denied 32 NY3d 1006 [2018]; People v Venable, 161 AD3d 1315, 1315 [2018], lv denied 31 NY3d 1154 [2018]).
Finally, although defendant's claim of ineffective assistance survives the appeal waiver to the extent that it impacts the voluntariness of his plea, it is unpreserved for our review in the absence of a postallocution motion (see People v Norton, 164 AD3d 1502, 1503 [2018]; People v Edwards, 160 AD3d 1280, 1281 [2018], lv denied 31 NY3d 1147 [2018]). Nor does the narrow exception to the preservation requirement apply in this case (see People v Velez, 158 AD3d 952, 953 [2018]; People v Smith, 155 AD3d 1244, 1245 [2017]).
Garry, P.J., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The first four counts of the indictment were dismissed before trial, leaving six counts remaining.