People v Breithaupt (2019 NY Slip Op 02757)





People v Breithaupt


2019 NY Slip Op 02757


Decided on April 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 11, 2019

109590

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BRANDY J. BREITHAUPT, Appellant.

Calendar Date: March 15, 2019

Before: Garry, P.J., Egan Jr., Mulvey, Devine and Aarons, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of St. Lawrence County (Champagne, J.), rendered June 12, 2017, convicting defendant upon her plea of guilty of the crime of robbery in the second degree.
In full satisfaction of a 12-count indictment, defendant agreed to plead guilty to one count of robbery in the second degree with the understanding that she would be sentenced to a determinate prison term ranging from 10 to 12 years followed by five years of postrelease supervision. The plea agreement also required defendant to waive her right to appeal. Defendant pleaded guilty as contemplated and thereafter was sentenced to a prison term of 12 years followed by five years of postrelease supervision. This appeal ensued.
We affirm. Contrary to defendant's assertion, we find that her waiver of the right to appeal was knowing, intelligent and voluntary. County Court sufficiently distinguished the waiver of the right to appeal from the trial-related rights that defendant was forfeiting by pleading guilty (see People v Hartfield, 151 AD3d 1116, 1118 [2017], lv denied 29 NY3d 1127 [2017]; People v Hess, 150 AD3d 1560, 1560 [2017]) and explained that the waiver encompassed, among other things, any challenge to the severity of the sentence imposed. Additionally, defendant executed a detailed written waiver in open court and, in response to County Court's inquiries, defendant indicated that she had read the waiver, understood its contents, had no questions relative thereto and had been afforded sufficient time to confer with counsel (see People v Jawan, 165 AD3d 1350, 1350 [2018], lv denied 32 NY3d 1173 [2019]; People v McDonald, 165 AD3d 1327, 1327-1328 [2018], lv denied 32 NY3d 1175 [2019]). Under these circumstances, we find that defendant validly waived her right to appeal. Accordingly, her claim that the sentence imposed is harsh and excessive is precluded (see People v Lago, 168 AD3d 1281, 1281-1282 [2019]; People v Dissottle, 160 AD3d 1219, 1219 [2018], lv denied 31 NY3d 1146 [2018]).
Garry, P.J., Egan Jr., Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.