People v White (2019 NY Slip Op 04234)





People v White


2019 NY Slip Op 04234


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

109113

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
QUENNEL WHITE, Appellant.

Calendar Date: May 1, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Erin C. Morigerato, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered January 10, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant was charged in a four-count indictment with various drug-related offenses. After twice rejecting plea offers from the People, defendant ultimately agreed to plead guilty — in full satisfaction of the indictment — to one count of criminal possession of a controlled substance in the third degree with the understanding that he would be sentenced — as a second felony offender — to a prison term of 3½ years followed by two years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Consistent with that agreement, defendant pleaded guilty to the subject crime and was sentenced to the contemplated term of imprisonment. This appeal ensued.
We affirm. Defendant's challenge to the validity of his waiver of the right to appeal is unavailing. Defendant was aware that an appeal waiver was a condition of his plea agreement, and County Court explained that such waiver was separate and distinct from the trial-related rights that defendant was forfeiting by pleading guilty (see People v Moore, 169 AD3d 1110, 1111 [2019], lv denied ___ NY3d ___ [Apr. 25, 2019]; People v McDonald, 165 AD3d 1327, 1327 [2018], lv denied 32 NY3d 1175 [2019]; People v Chaney, 160 AD3d 1281, 1282-1283 [2018], lv denied 31 NY3d 1146 [2018]). After conferring with counsel, defendant executed a written waiver in open court and, in response to County Court's questioning, assured the court that he had been afforded sufficient time to review the waiver with counsel, understood the contents of the waiver and had no questions relative thereto (see People v Sahler, 168 AD3d 1313, 1314 [2019]; People v Mateo, 166 AD3d 1246, 1247 [2018], lv denied 32 NY3d 1207 [2019]; People v Garcia, 164 AD3d 958, 958 [2018], lv denied 32 NY3d 1003 [2018]). Under these circumstances, we find that defendant knowingly, intelligently and voluntarily waived his [*2]right to appeal. In light of the valid waiver, defendant's argument regarding the perceived severity of the agreed-upon sentence is precluded (see People v Freeman, 169 AD3d 1115, 1116 [2019]; People v Chapman, 168 AD3d 1315, 1316 [2019]).
Although defendant's challenge to the voluntariness of his plea and his ineffective assistance of counsel claim — to the extent that it impacts the voluntariness of his plea — survive the valid appeal waiver, these issues are unpreserved for our review, as the record does not reflect that defendant made an appropriate postallocution motion — despite having ample opportunity to do so prior to sentencing (see People v Prince, 170 AD3d 1380, 1381 [2019]; People v Johnson, 170 AD3d 1274, 1275 [2019]; People v Taft, 169 AD3d 1266, 1267 [2019]). As defendant did not make any statements that negated an element of the crime to which he pleaded guilty, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement was not triggered (see People v Freeman, 169 AD3d at 1116; People v Rivera, 167 AD3d 1324, 1324 [2018]; People v White, 157 AD3d 1128, 1129 [2018], lv denied 31 NY3d 1018 [2018]). In any event, County Court's misstatement as to defendant's sentencing exposure was corrected on the record well in advance of defendant's plea, and such misstatement — standing alone — would not have rendered defendant's plea involuntary (see People v Garcia, 92 NY2d 869, 870 [1998]; People v DePerno, 148 AD3d 1463, 1464 [2017], lv denied 29 NY3d 1030 [2017]). The balance of defendant's ineffective assistance of counsel claim, including his assertion that counsel failed to properly investigate his case, explore potential defenses or research his prior criminal history, implicates matters outside of the record that are more properly pursued in the context of a CPL article 440 motion (see People v Moore, 169 AD3d at 1112; People v Norton, 164 AD3d 1502, 1503-1504 [2018], lv denied 32 NY3d 1114 [2018]).
Finally, defendant's assertion that County Court failed to comply with the procedures set forth in CPL 400.21 prior to sentencing him as a second felony offender survives the valid appeal waiver because "it implicates the legality of the sentence imposed" (People v Quinones, 162 AD3d 1402, 1403 [2018]; see People v Hartfield, 151 AD3d 1116, 1118 [2017], lv denied 29 NY3d 1127 [2017]). That said, even assuming that this issue has been preserved for our review, we find it to be lacking in merit. The crux of defendant's argument on this point is that he should have been accorded youthful offender status upon his 2006 felony conviction. Defense counsel correctly noted at sentencing, however, that such an adjudication would have been discretionary (see CPL 720.20), and defendant, who had been provided with a copy of the predicate felony statement, "was given an opportunity to be heard and admitted that he had been previously convicted as described [therein]" (People v Morse, 111 AD3d 1161, 1161 [2013], lv denied 23 NY3d 1040 [2014]; see People v Gathers, 106 AD3d 1333, 1334 [2013], lv denied 21 NY3d 1073 [2013]). Accordingly, we are satisfied that County Court complied with the statutory procedures in sentencing defendant as a second felony offender. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.