People v Hunt (2019 NY Slip Op 07111)





People v Hunt


2019 NY Slip Op 07111


Decided on October 03, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 03, 2019

109272

[*1]The People of the State of New York, Respondent,
v
Rashann R. Hunt, Appellant.

Calendar Date: September 12, 2019

Before: Garry, P.J., Clark, Mulvey and Pritzker, JJ.


Linda B. Johnson, East Greenbush, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Saratoga County (Sypniewski, J.), rendered July 6, 2015, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.
In full satisfaction of a 28-count indictment, defendant was afforded the opportunity to plead guilty to one count of burglary in the first degree with the understanding that he would be sentenced to a prison term of 14 years followed by five years of postrelease supervision — said sentence to be served concurrently with the sentence that had been imposed upon a conviction in another county. The proposed plea agreement also required defendant to waive his right to appeal. The charges here stemmed from an incident wherein defendant, among other things, pistol-whipped his former girlfriend and threatened her and the responding police officers with a weapon, resulting in injuries to the former girlfriend and one of the police officers. Defendant thereafter pleaded guilty to one count of burglary in the first degree, and County Court imposed the agreed-upon sentence. This appeal by defendant followed.
We affirm. Contrary to defendant's assertion, we find that his waiver of the right to appeal was knowing, intelligent and voluntary. County Court explained the separate and distinct nature of the waiver — distinguishing it from the trial-related rights automatically forfeited by defendant's guilty plea — and defendant, in turn, confirmed his understanding thereof (see People v Stebbins, 171 AD3d 1395, 1396 [2019], lv denied 33 NY3d 1108 [2019]; People v Fedderman, 170 AD3d 1279, 1280 [2019]; People v Chaney, 160 AD3d 1281, 1282-1283 [2018], lv denied 31 NY3d 1146 [2018]). Additionally, defendant signed a written waiver in court and, in response to County Court's questioning, indicated that he had reviewed the written waiver, understood its terms and had been afforded sufficient time to confer with counsel (see People v White, 172 AD3d 1822, 1823 [2019], lv denied 33 NY3d 1110 [2019]; People v Breithaupt, 171 AD3d 1311, 1312 [2019]; People v Jawan, 165 AD3d 1350, 1350 [2018], lv denied 32 NY3d 1173 [2019]). Under these circumstances, we find that defendant validly waived his right to appeal. Accordingly, defendant's challenges to the severity of the agreed-upon sentence (see People v Vanalst, 171 AD3d 1349, 1350 [2019], lv denied 33 NY3d 1109 [2019]; People v Douglas, 168 AD3d 1285, 1286 [2019]) and the factual sufficiency of his plea (see People v Peryea, 169 AD3d 1120, 1121 [2019], lv denied 33 NY3d 980 [2019]; People v Chaney, 160 AD3d at 1283) are precluded.
Although defendant's challenge to the voluntariness of his plea and his ineffective assistance of counsel claim — to the extent that it impacts upon the voluntariness of the plea — survive the valid appeal waiver, these issues are unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Carroll, 172 AD3d 1821, 1821 [2019], lv denied ___ NY3d ___ [Aug. 29, 2019]; People v White, 172 AD3d at 1823; People v Greene, 171 AD3d 1407, 1408 [2019]). Further, given that defendant did not make any statements during the plea colloquy that negated an element of the relevant crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement was not triggered (see People v O'Neill, 172 AD3d 1778, 1779 [2019]; People v Rivera, 167 AD3d 1324, 1324 [2018]). Finally, although defendant arguably preserved his challenge to the permanent order of protection entered in favor of his former girlfriend and their child, we find it to be lacking in merit. Defendant twice was advised — prior to pleading guilty — that the temporary order of protection entered in favor of his former girlfriend and their child would become permanent once he was sentenced and that he would "have no contact" with either of them pending further order of Family Court or Supreme Court, thereby belying defendant's claim at sentencing that he "never heard that" during the course of the plea colloquy (see People v Sanford, 171 AD3d 1405, 1406 [2019]). In any event, "an order of protection issued incident to a criminal action is not punitive and is not a component of a sentence but, rather, is an ameliorative measure intended to safeguard the rights of victims and witnesses. As such, an order of protection and its terms are not a direct consequence of a guilty plea of which a defendant must be advised" (id. at 1407 [internal quotation marks and citations omitted]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.