People v Inman (2019 NY Slip Op 53933)





People v Inman


2019 NY Slip Op 53933


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

109049

[*1]The People of the State of New York, Respondent,
v
Algun Inman, Appellant.

Calendar Date: October 9, 2019

Before: Garry, P.J., Mulvey, Devine and Aarons, JJ.


Stephen W. Herrick, Public Defender, Albany (Jessica M. Gorman of counsel), for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.

P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



Devine, J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered November 9, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
Defendant was charged in a six-count indictment after a traffic stop in which he attempted to flee, fought with police officers and, upon his arrest, was found to have heroin and crack cocaine in his possession. His efforts to suppress the recovered drugs were unsuccessful. Thereafter, in satisfaction of the indictment and another pending charge, defendant pleaded guilty to the reduced count of attempted criminal possession of a controlled substance in the third degree and waived his right to appeal. As contemplated by the plea agreement, County Court sentenced defendant, a second felony drug offender previously convicted of a violent felony, to 7½ years in prison to be followed by three years of postrelease supervision. Defendant appeals, and we now affirm.
Although the point was not made when the People first set forth the terms of the plea agreement, defendant was advised during the plea colloquy, and before pleading guilty, that an appeal waiver was part of the bargain (see People v Sahler, 168 AD3d 1313, 1314 [2019]; People v Gilbert, 145 AD3d 1196, 1196 [2016], lvs denied 28 NY3d 1184, 1187 [2017]). County Court distinguished the right to appeal from the ones defendant would automatically forfeit by pleading guilty and ensured his understanding that a waiver of that right was expected from him. Defendant then conferred with counsel, executed a detailed written appeal waiver in open court and confirmed that he had reviewed the waiver, understood it and agreed to be bound by it. Contrary to defendant's contention, the foregoing shows his waiver of the right to appeal to have been knowing, intelligent and voluntary (see People v Sanders, 25 NY3d 337, 340-342 [2015]; People v Boyette, 175 AD3d 751, 752 [2019], lv denied ___ NY3d ___ [Oct. 29, 2019]; People v Sahler, 168 AD3d at 1314).
The valid appeal waiver precludes defendant's challenges to the denial of his suppression motion and the severity of the agreed-upon sentence (see People v Feurtado, 172 AD3d 1620, 1621 [2019], lv denied 34 NY3d 931 [2019]; People v Dorsey, 170 AD3d 1325, 1326 [2019], lv denied 33 NY3d 1068 [2019]). The appeal waiver does not bar defendant's remaining claim of ineffective assistance of counsel insofar as it relates to the voluntariness of the plea, but that claim is unpreserved in the absence of an appropriate postallocution motion (see People Hunt, 176 AD3d 1253, ___, 2019 NY Slip Op 07111, *1 [2019]; People v Horton, 173 AD3d 1342, 1343-1344 [2019], lv denied 34 NY3d 932 [2019]). Defendant made no statements "that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea and, therefore, the narrow exception to the preservation requirement was not triggered" (People v Carroll, 172 AD3d 1821, 1822 [2019], lv denied 34 NY3d 929 [2019]; see People v Lopez, 71 NY2d 662, 666 [1988]; People v Prince, 170 AD3d 1380, 1382 [2019]).
Garry, P.J., Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.